THOMAS P. MOORE, PLAINTIFF IN ERROR, *vs.* THE BANK OF THE
METROPOLIS, DEFENDANTS IN ERROR.

The defendant in an action in the Circuit Court, had with others, received the proceeds of a
joint and several promissory note discounted for them at the Bank of the Metropolis, and
this note was afterwards renewed by their attorney under a power of attorney authorizing
him to give a joint note, but he gave a joint and several note; the proceeds of which the
attorney received, and appropriated to pay the note already discounted at the Bank.
The interest of the sum borrowed was paid out of the money of the parties to the note.
Held, that although the power of attorney may not have been executed in exact con-
formity to its terms; and may not have authorized the giving of a joint and several note;
a question the Court did not decide; yet the receipt of the proceeds of the note by the
attorney, and the appropriation thereof to the payment of the former note, was sufficient
evidence to sustain the money counts in the declaration.
When an exception is taken on a trial to evidence, after it has been given without objec-
tion to the whole matter stated in the exception, if any part of it was admissible, the
objection may be properly overruled. It is the duty of a party taking exceptions to
evidence, to point out the part excepted to, where the evidence consisted of a number of
particulars, so that the attention of the Court may be drawn to the particular objections.

IN error to the Circuit Court of the United States, for the county
of Washington, in the District of Columbia.

The Bank of the Metropolis, on the 27th of September, 1837,
instituted an action of assumpsit against Thomas P. Moore, the
plaintiff in error, on a promissory note dated the 16th day of Feb-
ruary, 1837, payable sixty days after date; by which the defendant,
Thomas P. Moore, P. H. Pope, and Richard M. Johnson, by
George Thomas, their attorney at Washington, jointly and severally
promised to pay to the plaintiffs the sum of five thousand dollars
current money of the United States, for value received.

The declaration also contained a count on the same note, stating
it to be the note of Thomas P. Moore, to the plaintiffs, and also a
count for the amount of the same note as so much money paid, laid
out and expended, at the special instance and request of the de-
fendant, and for the same sum had and received by the defendant
to the use of the plaintiffs.

The defendant pleaded non assumpsit, and the cause was tried
before a jury in November 1838, and a verdict and judgment ren-
dered in favour of the plaintiffs. The defendant filed two bills of
exceptions, to the ruling of the Court on matters presented on the
trial; and he afterwards prosecuted this writ of error.

The first bill of exceptions stated:

On the trial of this cause the plaintiffs, to sustain the action on
their part, proved by a competent witness, that on the 27th March,
1834, the said defendant with Richard M. Johnson and P. H. Pope,
executed their joint and several note, and on the same day by
their checks, drew from the said plaintiffs the proceeds thereof,
which had been carried to their credit; that said note was not
paid at maturity, but lay over unpaid until the 30th January,
1836, when it was cancelled; that on the 30th day of January,

1836, the said parties executed and delivered to the said plaintiffs their promissory note, which was discounted by said plaintiffs and the proceeds thereof carried to the credit of said drawers, and the interest in arrears paid. That on the 29th of February, 1836, the said parties executed and delivered to George Thomas, at that time cashier of the Bank of Metropolis, a power of attorney, which said power of attorney was given for the single purpose of acting for said parties in relation to said last mentioned note and the renewal thereof; and that the said George Thomas, professing to act by virtue of said power of attorney, under said power of attorney made and executed the note mentioned and described in the declaration; that the same was then discounted by said bank, the proceeds carried to the credit of the said drawers, and the arrears of interest upon the former and last preceding note, together with the discount of this note paid and credited on said account, and the said note dated 30th January, 1836, was cancelled, but witness does not recollect by what person said interest or discount was paid. To the admissibility of which notes or any of them, or any matter above stated in evidence, the defendant objects; but the Court overruled the objection and permitted all of said notes, and the proceedings in regard to them and the matters stated, to be given in evidence to the jury. To which opinion of the Court the defendant excepted.

The second bill of exceptions stated:

In addition to the evidence contained in the aforegoing bill of exceptions, the plaintiffs offered evidence tending to prove that the banks in Washington county in the District of Columbia, have been in the practice (some banks for less, and some for more than twenty years) of taking and discounting notes in the form of the one now in suit, made directly to the banks or some of the officers for their use whenever offered; and that the banks preferred to loan upon such paper; that the reason of this practice has been one of mutual convenience to the borrower and the banks, the first being saved from the costs of protest, and the last being saved the risk of a failure to give notice to the endorser; and that it was very usual for the banks to lend money on a pledge of stock, taking in return the single note of the borrower, payable to the banks, or some of their officers, without endorsement. The plaintiffs further gave evidence by competent testimony, tending to prove that it had been the practice of, and usage of the various banks in Washington county in this district, to discount, indiscriminately, paper on which there was an endorser or endorsers, or on which all the parties were drawers, and the paper drawn directly to the bank itself, or some of its officers, acting in behalf of the bank; that both were considered equally the subjects of discount, but that the witness cannot recollect at this moment any particular instance, in which, when all the parties were non-residents, as is and was the case with the alleged makers of this note, the bank has discounted on that paper alone, though he has no doubt such cases existed; but that in all of the said banks the major part of the accommodation paper discounted

was in the form of notes drawn by one party in favour of another person who endorsed it to the bank, and that this particular note in suit was discounted in the usual manner. The defendant then offered evidence tending to prove that on the 27th of March, 1834, the plaintiffs discounted the joint and several note of R. M. Johnson, P. H. Pope, and the defendant, for the amount of $5000, (being the same note inserted in the first bill of exceptions,) and that at the time of discounting said note, the plaintiffs reserved out of the proceeds thereof the sum of $103 33, as interest, or discount upon the same, for four months and four days; that the said note lay over unpaid until the 30th day of January, 1836, when the sum of $450 was paid on the same, as interest in arrear; and that on the same day a second note was given by the same parties to the plaintiffs (the same note which is also inserted in the first bill of exceptions) in renewal of the first described note, payable in six months from its date, which was discounted by the plaintiffs, who at the time of said last mentioned discounting received the sum of $153 33, as interest on the same for six months and four days; that the said second note, also, lay over until the 16th day of February, 1837, when the sum of $166 67, was paid on it as interest in arrear, from the 30th July, 1836, to 16th February, 1837, and on the same day the note in suit was given in renewal of the last described note, which said note in suit was discounted on the day of its date by the plaintiffs, who received on said day of its date, the sum of fifty-three dollars and thirty-three cents, as the interest in advance, for sixty-four days. Whereupon the defendant prayed the court to instruct the jury as follows:

1st. If the jury believe from the evidence, that the note in suit was given in renewal of other notes previously given by the same parties to the plaintiffs, and that the plaintiffs received or reserved in advance, as discount, the interest, at the rate of six per centum per annum, on the amount of debt mentioned in said notes, or any of them, for the times they or any of them had to run, then the receipt or reservation of said interest in advance, is evidence of usury; and the jury may infer usury from the same.

2d. That if the jury believe from the evidence, that the note in suit was given in renewal of other notes successively given by the same parties to the plaintiffs, for the amount of $5000 loaned to the said parties by the plaintiffs; and that at the time of the original loan the plaintiffs reserved the interest on the said sum of $5000, at the rate of six per centum per annum, for the time the original note had to run, or that at the time of renewing or discounting the note in suit, the plaintiffs received of the makers thereof, or any one for them, the interest in advance for the period of sixty-four days, then said facts are evidence of usury in the transaction, and the jury may infer usury from said facts on the note in suit.

3d. That if the jury believe from the evidence, that the note in suit was given to the plaintiffs in renewal of a note for the same amount, drawn by the same parties, directly to the plaintiffs, as

[Moore vs. The Bank of the Metropolis.]

payees, payable six months after date, which had been previously discounted by the plaintiffs, for the accommodation of the said parties; and that on said note, drawn at six months, the plaintiffs received at the time of discounting it, the interest in advance for six months and four days, at the rate of six per cent. per annum on the amount of said note, then the said facts are evidence of usury, and it is competent for the jury to infer usury in the note in suit.

4th. If the jury believe from the evidence, that the plaintiffs received on the day of the date of the note in suit, the sum of $166 67, as and for interest alleged to be due from the 30th July, 1836, to the 16th February, 1837, (six months and seventeen days,) on a prior note for $5000, given by the same parties to the plaintiffs, falling due on the said 30th July, 1836, and that the note in suit was given in renewal of said note, falling due on the 30th July, 1836, then the plaintiffs have taken illegal interest, and it is competent for the jury to infer that the note in suit was given in pursuance of an usurious agreement.

5th. That the written power of attorney, executed to George Thomas by the defendant, together with R. M. Johnson and P. H. Pope, gives no authority to said Thomas to execute a joint and several note in behalf of said parties; and that the defendant cannot be charged in this action by reason of any joint and several note, purporting to be executed by the said R. M. Johnson, P. H. Pope, and this defendant, by the said Thomas, as their attorney, under said written power.

But the Court refused to give any of the said instructions to the jury, and the defendant excepted.

The power of attorney referred to in the bills of exceptions was in the following terms.

Whereas we have a joint and several note of hand discounted in the Bank of the Metropolis—Now

Know all men by these presents, that we, Richard M. Johnson, Thomas P. Moore and P. H. Pope, all of the State of Kentucky, do hereby nominate, constitute and appoint George Thomas, of the city of Washington, our true and lawful attorney in fact, and by these presents do authorize and empower him, for us, and in our names, to sign our joint note to the president and directors of the Bank of the Metropolis, for five thousand dollars, for our accommodation, and the same to renew, from time to time, as it may become due, for the whole or any part thereof—Hereby ratifying and confirming all and every the act and acts of our said attorney, in and about the premises, so long as the bank shall continue the accommodation to us. In witness whereof, we have hereunto set our hands and seals, at the city of Washington, the 29th day of February, 1836.

RH. M. JOHNSON,    [SEAL.]<br>
P. H. POPE,    [SEAL.]<br>
T. P. MOORE.    [SEAL.]

Witness, SAM. STETTINIUS.

2 c 2        39

The case was argued by Mr. Brent, Jun., for the plaintiff in error; and by Coxe for the defendant.

Mr. Brent contended that the Circuit Court had erred in refusing to give each instruction prayed for; and it was further insisted on, in behalf of the appellant;

1st. That the usage of the banks, as given in evidence, can have no possible bearing on the questions of law involved in the instructions asked for, but that, being a question of fact, it was incumbent on the appellees to have asked for an instruction as to its effect, if believed by the jury.

2d. That the usage proved is insufficient to exempt the transaction from usury.

3d. That no established usage is proved in the case.

The objection of the plaintiff in error, is to the allowance of the Court to the plaintiff below, to give a joint and several note in evidence, under a power of attorney authorizing the execution of a joint note only. The power was to give a joint note, and the note on which the suit was brought was a joint and several note. In 2 Johns. Rep. 19, it is decided that an authority to give a note of a particular date, is not an authority to give a note of any other date.

A joint note is not the same as a joint and several note; on the former, one writ only can issue, all the parties must be sued together; but on a joint and several note, suit may be brought against each of the persons who are parties to it. This is material as to costs.

Another matter for consideration, and one which is material, is that the act of the assembly of Maryland gives a right to contribution in favour of those who are sureties from co-sureties; and a surety paying may have an assignment of the judgment when he pays it. This makes it most important that the power of attorney should be strictly pursued. When the attorney departs from the authority given to him by his principal, although for his benefit, his acts do not bind the principal. 7 Barnwell and Creswell, 278. Ambler's Rep. 498.

It was argued in the Circuit Court that the word "several," in a power of attorney may be rejected as surplusage, and the joint powers given retained. This position cannot be sustained. Cited Sugden on Powers, 210; to show how important and essential an adherence to forms is deemed.

Admitting that the execution of a power may be sustained, where there is surplusage in the terms of it, yet this exists only when the acts to be done, or done under it, are divisible. But this set-off can only be obtained by the aid of a Court of Chancery.

In this case the action was brought on the note as "joint and several." Then the election was to treat the note as "joint and several;" and yet, when the objection was made, the note was set up as a joint note. A power of attorney to three persons to execute the powers granted, cannot be executed by two. An authority to

do a thing in one way, cannot be performed by executing it in another way. The note should not, therefore, have been given in evidence. Cited 1 Peters, 29. 1 Roll's Abridg. 529. L. placetum, 15. As to the ratification of the act of an attorney by the receipt of the money, and its appropriation to pay a prior note for the same sum, then due, it must be considered as not having been the act of the defendant. He was absent, and ignorant of the transaction.

It may be said that there was evidence to support the money counts in the declaration. But this cannot affect the right of the plaintiff to have the judgment of the Circuit Court reversed. Cited Greenleaf vs. Birth, 5 Peters, 135.

The counsel was proceeding to argue the question of usury, raised by the second bill of exceptions: the Court would not permit the argument, the point being considered settled.

Coxe for the defendant :—

The discounting of the note by the bank was a continuation of a former loan. Cited Barry vs. Foyles, 1 Peters, 316. Minor vs. The Mechanics' Bank of Alexandria, 1 Peters, 47.

If parties to a joint note are sued severally, they should plead the matter in abatement. It is not regular to make the objection under a plea to the general issue.

But the verdict of the jury was upon the whole matter; and the evidence given was legal, and sufficient to sustain the money counts in the declaration.

Mr. Brent stated that the object of the plaintiff in error was to get rid of the verdict for five thousand dollars. He is perfectly willing to pay his portion of the debt.

Mr. Justice THOMPSON delivered the opinion of the Court :—

This case comes up on a writ of error to the Circuit Court of the United States, for the District of Columbia, in the county of Washington.

It is an action of assumpsit, upon a promissory note, purporting to have been made by the defendant, and Richard M. Johnson, and P. H. Pope, by their attorney, George Thomas ; the note, bearing date the 16th of February, 1837 ; by which the makers, jointly and severally, promise to pay to the President and Directors of the Bank of the Metropolis or order, sixty days after date, the sum of five thousand dollars.

The declaration also contains the common money counts : and upon the trial of the cause, the plaintiffs offered in evidence, to sustain the action, sundry matters set out in the following bill of exceptions :—

### FIRST BILL OF EXCEPTIONS.

On the trial of this cause the plaintiffs, to sustain the action on their part, proved, by a competent witness, that on the 27th March,

[Moore *vs.* The Bank of the Metropolis.]

1834, the said defendant, with Richard M. Johnson and P. H. Pope, executed their joint and several note as follows:—

" $5000.          " *Washington City, March 27th,* 1834.

'Four months after date we jointly and severally promise to pay to the President, Directors, and Co. of the Bank of the Metropolis, or order, five thousand dollars, without defalcation, value received, payable at said bank.                    " Rh. M. Johnson,
                                   " T. P. Moore,
                                   " P. H. Pope."

And on the same day, by their checks, drew from the said plaintiffs the proceeds thereof, which had been carried to their credit:—

"*Washington City, March 27th,* 1834.

" Cashier of the Bank of the Metropolis, pay to bearer forty-eight hundred and ninety-six 67–100 dollars.        " P. H. Pope,
                                   " Rh. M. Johnson,
                                   " T. P. Moore."

That said note was not paid at maturity, but lay over unpaid until the 30th January, 1836, when it was cancelled; that on the 30th day of January, 1836, the said parties executed and delivered to the said plaintiffs their promissory note, as follows:—.

Six months after date we jointly and severally promise to pay to the President and Directors of the Bank of the Metropolis, or order, five thousand dollars, without defalcation, value received, this 30th day of January, 1836.        " Rh. M. Johnson,
        $5000.                        " P. H. Pope,
                                   " T. P. Moore.
" Cr. of R. M. Johnson, and others, to renew a note of same amount."

Which was discounted by said plaintiffs, and the proceeds thereof carried to the credit of said drawers, and the interest in arrears paid. That on the 29th of February, 1836, the said parties executed and delivered to George Thomas, at that time cashier of said Bank of the Metropolis, a power of attorney, in the words and figures following, that is to say:—

" Whereas we have a joint and several note of hand discounted in the Bank of the Metropolis—Now

" Know all men by these presents, that we, Richard M. Johnson, Thomas P. Moore, and P. H. Pope, all of the state of Kentucky, do hereby nominate, constitute, and appoint George Thomas, of the city of Washington, our true and lawful attorney in fact, and by these presents do authorize and empower him, for us, and in our names, to sign our joint note to the President and Directors of the

Bank of the Metropolis, for five thousand dollars, for our accommodation, and the same to renew, from time to time, as it may become due, for the whole or any part thereof—Hereby ratifying and confirming all and every the act and acts of our said attorney, in and about the premises; so long as the bank shall continue the accommodation to us. In witness whereof, we have hereunto set our hands and seals, at the city of Washington, the 29th day of February, 1836.

"DISTRICT OF COLUMBIA, *Washington County, to wit:*
" On this 29th day of February, in the year eighteen hundred and thirty-six, personally appeared Richard M. Johnson, P. H. Pope, and T. P. Moore, before me, the subscriber, a justice of the peace in and for the county aforesaid, and acknowledged the above power of attorney to be their act and deed, for the purposes mentioned therein.                    "SAM'L STETTINIUS, *J. Peace.*"

Which said power of attorney was given for the single purpose of acting for said parties in relation to said last mentioned note and the renewal thereof; and that the said George Thomas, professing to act by virtue of said power of attorney, under said power of attorney made and executed the note mentioned and described in the declaration, to wit:—

" $5000.                    "*Washington,* 16*th Feb.* 1837.
" Sixty days after date, we jointly and severally promise to pay the President and Directors of the Bank of the Metropolis, or order, at the said bank, five thousand dollars, for value received.
"RICHARD M. JOHNSON, THOS. P. MOORE, P. H. POPE,
"*By their attorney,* GEO. THOMAS."

That the same was then discounted by said bank, the proceeds carried to the credit of the said drawers, and the arrears of interest upon the former and last preceding note, together with the discount of this note paid and credited on said account, and the said note dated 30th January, 1836, was cancelled, but witness does not recollect by what person said interest or discount was paid. To the admissibility of which notes, or any of them, or any matter above stated in evidence, the defendant objects; but the Court overruled the objection, and permitted all of said notes, and the proceedings in regard to them and the matters stated, to be given in evidence to the jury. To which opinion of the Court the defendant excepted.

There was another bill of exceptions taken at the trial, growing out of the refusal of the Court to give certain instructions prayed; touching the alleged usury in the note, by reason of the interest having been taken in advance on discounting the note. But it is unnecessary to notice these instructions. For all exceptions on this account were abandoned at the argument, as raising a question too well settled to be now drawn into discussion. The last prayer con-

tained. in this bill of exception, which raised the question whether the power of attorney given to George Thomas authorized him to sign the note upon which this suit is brought, will be noticed under the first bill of exceptions, where the power is set out at length, so far as is necessary for the decision of this case; so that the second bill of exceptions may be laid entirely out of view.

The general questions arising under the first bill of exceptions are, whether the evidence offered was admissible, and if so, whether it was sufficient to maintain the action, either upon the count on the note signed by George Thomas, or on the money counts. The exception was taken after the evidence had been given (without objection) to the whole matter stated in the exception; and if any part of it was admissible, the objection was properly overruled. It is the duty of a party, taking exception to the admissibility of evidence, to point out the part excepted to, when the evidence consists of a number of particulars, so that the attention of the Court may be drawn to the particular objection. The objection here taken, was in the broadest possible manner to all the matter stated in the bill of exceptions. That some part of this evidence was admissible under the money counts, cannot be doubted. One of the notes to which the objection extended, is the one upon which the first count in the declaration is founded. And whether that was admissible or not, depends upon the power of attorney, to George Thomas, set out in the exception, under and by virtue of which he made the note in question.

That power, it will be seen, authorized him to sign a joint note; whereas, the one he gave was a joint and several note.

If it was necessary to decide this question in order to maintain the action, it may well be questioned whether the power did not authorize the making a joint and several note. There is some diversity of opinion on the Bench upon that point. The object of the power, as appears upon its face clearly was to make a note as the renewal of a joint and several note, which the parties had running in the bank. It recites as follows: " Whereas, we have a joint and several note of hand discounted in the Bank of the Metropolis," and then proceeds to empower George Thomas to renew the same from time to time as it fell due. But there may have existed some reason why they preferred changing the form, by giving a joint instead of a joint and several note. The power is certainly not strictly pursued, though probably according to the intention of the parties. But as the cause does not turn entirely on this point, we pass it by. The action is clearly maintainable on the money counts. If the note was properly given under the power, it was admissible under the first count, or under the money counts. If signed by the attorney without sufficient authority, it was void, and to be laid out of view, and the cause stands upon the other evidence given at the trial; which shows the original loan by the bank, to Richard M. Johnson, T. P. Moore, and P. H. Pope, upon their note, dated 27th March, 1834, by which they jointly and severally promised to pay the bank five thousand

dollars, in four months after date. By their joint check of the same date, they drew out of the bank $4896 67, the proceeds of the note, deducting the discount. That note not being paid, another joint and several note was given by them, bearing date the 30th of January, 1836, for $5000, payable six months after date; which was discounted by the bank, and the proceeds carried to the credit of the makers, deducting the discount and arrears of interest. And the power of attorney was afterwards given to George Thomas, authorizing him to make another note, as a renewal of the one last mentioned; and under which authority, he made the note now in question, which was discounted, and the proceeds carried to the credit of the makers; and the arrears of interest on the note then in bank, and the discount upon the note now in question, was paid, and credited in account with the makers, and the note of 30th of January, 1836, was cancelled. This evidence is amply sufficient to show, $5000 was originally advanced to the makers of these notes, and that upon the several renewals, they have been credited with the proceeds, and all the notes given up and cancelled, without payment in any way, except by the note made by George Thomas, under the power of attorney; and if that note is void, the bank is without a remedy, except upon the money counts, to recover the money paid upon the check of P. H. Pope, R. M. Johnson, and T. P. Moore. This money has gone to the joint use of the three, who might all have been joined in the action. But if any objection could be made to the suit against Moore alone, by reason of the non-joinder of the other two, it should have been pleaded in abatement, and cannot be taken advantage of upon the general issue. This is a well settled rule in pleading; and is fully recognised by this Court, in the case of Barry *vs.* Foyles, 1 Peters, 316.

The judgment of the Court below is accordingly affirmed with costs.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States, for the District of Columbia, holden in and for the county of Washington, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this Court, that the judgment of the said Circuit Court, in this cause, be, and the same is hereby, affirmed, with costs and damages at the rate of six per centum per annum.