Robert H. Bunton v. J. A. Cardwell et al.

*(Case No. 4147.)*

1. Boundary — Excess in survey.—Where title has issued to two surveys for a league of land, each located and surveyed at the same time, and which call for a common marked corner and a common divisional line, the location of the dividing line is not affected by the fact that, by observing it, an excess of one thousand acres would be contained in one of the surveys.

2. Limitation.—The statute of limitation will not run in favor of an adverse occupant under a junior title, if his possession does not extend to that part of the land in dispute which is within the conflict.

Appeal from Caldwell. Tried below before the Hon. L. W. Moore.

Suit by Robert H. Bunton, in trespass to try title to 452 acres of land out of the F. Castillo 1,240 acres surveyed in Caldwell county; the land described in his petition and claimed by him reaching to and being bounded on the northeast by the northeast line of the Castillo survey, which is identical with the southwest line of the Gideon Pace league, which line is also identical in part with the northeast line of the Pablo Martinez league, according to the county surveyor's map. The Pace and Martinez leagues were located and surveyed at the same time, the dividing line between them being run and marked as common to both leagues. The Castillo survey was a junior location, and described as bounded on the northeast by the southwest or west line of the Pace league; the calls in almost all of appellant's muniments of title are limited on the northeast to that line. Neither appellant nor any of his vendors have ever been in possession of any land northeast of that line.

Appellees claimed title to their respective tracts of land as in the Pace league, and are bounded on the southwest by the southwest line of said league, a portion of said line being the dividing line between the tract claimed by appellant and the tracts claimed by appellees, as described in their respective deeds. Hence appellees submit that the issue in this suit was not one of title, but of boundary, and related to the true location, upon the ground, of the southwest or west boundary line of the Gideon Pace league.

Appellees claimed that the Pace line is identical with the northeast line of the Martinez league and the same line continued in a southeasterly direction, which line they identify and locate on the ground, while appellant claimed that the Pace line is 530 varas northeast from and parallel to the Martinez line; thus putting in controversy a strip of land 530 varas wide, which issue was decided in favor of appellees.

The patent to the heirs of Gideon Pace for the Pace league was dated February 10, 1846; it contained a call for the northeast corner of League No. 9, made for Pablo Martinez.

The patent to Pablo Martinez bore date September 11, 1845; it describes the survey as " beginning at the northwest corner of the Gideon Pace league." The Castillo survey was made long afterwards and was patented March 12, 1873.

It would appear from the evidence that only the west line of the Pace league bordering the San Antonio road was actually run by the original surveyor. By observing the calls for the exterior lines of the Pace and Martinez leagues, and establishing a common line between them, an excess in quantity of about one thousand acres would be contained in the Pace league. Appellant's actual possession, though within the bounds called for in the title under which he claimed, did not extend to nor embrace that part of the Castillo grant conflicting with the Pace league.

Many questions were discussed in the briefs with reference to the admission of evidence, etc., which in view of the opinion it is unnecessary to notice.

*Nix & Storey* for appellant.

I. A party in possession under a junior grant which conflicts with an older grant, holds under the plea of limitation to the extent of the boundaries of said junior grant, or to the extent of the boundaries in his deed, if he claim less than the entire grant. The plaintiff Bunton claims 452 acres of the Francis Castillo 1,240 acre survey. This is a junior grant to the Gideon Pace league, under which defendants claim. The conflict between the two grants is 530 varas wide and 9,500 varas long. The conflict in controvery in this suit is 530 varas wide by 1,875 varas long, and is covered by the field notes in all the deeds in appellant Bunton's chain of title, and the junior grant has been in the actual and continuous possession of the plaintiff Bunton and his vendors since July, 1854, or 1855, when C. L. Storey paid for the land and went into possession. The statute of limitation of three years is complete, if not the five and ten years. Whitehead *v.* Foley, 28 Tex., 11, 15; Jones *v.* Menard, 1 Tex., 780; Galan *v.* Goliad, 32 Tex., 788;

Marsh *v.* Weir, 21 Tex., 109, 110; Whitehead *v.* Foley, 28 Tex., 287, 288; Charle *v.* Saffold, 13 Tex., 110, 112; Blankenship *v.* Blankenship, decision of Commissioners of Appeals, Galveston term, 1880.

II. Under five years' plea of limitation, a quit-claim deed is good. Mosely *v.* Lee, 37 Tex., 479; Hudson *v.* Wheeler, 34 Tex., 369; 26 Tex., 41, 42, 171, 172; 34 Tex., 369; 16 Tex., 444–5; 10 Tex., 390–1; 48 Tex., 95–100; 5 Tex., 260.

III. There never was but one line of the Pace league run by the locator, and that was along the old San Antonio road, now invisible. Afterwards the surveyor adopted the northeast line of Martinez league No. 9 as a part of the southwest line of the Pace league No. 8. This line being too short for the Pace line by 1,875 varas, so the footsteps of the surveyor can never be found, because not made. The Pace patent field notes call for width 2,500 varas, and proves to be 3,100 varas to the Martinez league. The course and distance along the San Antonio road from the beginning corner will not reach the Martinez league by more than 700 varas. The Pace patent calls for 4,428 acres, and this extension would give it nearly 5,500 acres.

*Stringfellow & McNeal* for appellees.

I. Appellant cannot avail himself of the statute of limitations of three or five years. Constructive possession can only extend to the limits defined in his deed. Portis *v.* Hill, 3 Tex., 279. The land in controversy is east of appellant's most eastern call.

II. The southwest boundary line of the Pace league being a controlling call in appellant's muniments of title, he is bound by it as established. Browning *v.* Atkinson, 37 Tex., 659; Stafford *v.* King, 30 Tex., 257; George *v.* Thomas, 16 Tex., 87, 88; Bolton *v.* Lann, 16 Tex., 111, 112.

III. If it be a fact, as claimed, that the Pace grant, as located, is too wide, and contains too much land, still a subsequent location cannot claim to reform the grant for the excess. Hancock *v.* McKinney, 7 Tex., 384; Swift *v.* Herrera, 9 Tex., 263; Maxey *v.* O'Connor, 23 Tex., 239.

GOULD, ASSOCIATE JUSTICE. — The ordinary rules of construction will locate the Pace and Martinez leagues as adjoining grants, the northeast line of the Martinez being a common line, and will consequently place the junior grant to Castillo, purporting to occupy a supposed space between these leagues, in conflict with the Pace league, except the southeastern part of the Castillo. That the lines of the Pace league were not actually surveyed, and that the width of the league will have to be extended from 2,500 varas called for to something near 3,100, producing an excess in quantity of about 1,000 acres, are facts of themselves insufficient to justify a disregard of the calls for the Martinez league, as having a common marked corner and a common marked line.

The leading question in the case is one of limitation, and has, we think, been recently decided by this court in the case of Peyton *v.* Barton. In that case it was decided, after the question had been held under consideration for a year, that " the statute will not run in favor of an adverse occupant, under a junior title, if his possession does not extend to that part of the land in dispute which is within the conflict."

The improvements of Bunton, and of those under whom he claims, are on that part of the Castillo grant not in conflict with the Pace league, and the record fails to show any actual possession by Bunton of any part of the Pace league. It follows, under the rule just stated, that Bunton has acquired no title to the conflict by limitation, whether of ten, five or three years.

This conclusion makes it unnecessary to inquire whether the court committed any error in admitting in evidence the several deeds offered by defendants, to show title in themselves under the grant to Pace. If the court erred in those rulings, the error could not be material. Having shown a superior outstanding title, the defendant has established a valid defense.

The claim that defendants are estopped from disputing the Castillo grant has not been made out.

The judgment is accordingly affirmed.      AFFIRMED.

[Opinion delivered June 1, 1880.]