## G. W. WELLS, EXECUTOR, v. JOHN P. HOBBS.

### Decided November 4, 1909.

**1.—Evidence—Suit against Executor—Testimony of Wife of Party.**

Where the recovery by plaintiff in his action against an executor would be community property of himself and wife, the latter, though not formally a party, would be disqualified equally with her husband from testifying as to his transactions with decedent.

**2.—Same—Transactions with Decedent.**

The action being to recover against the executor for services rendered decedent in taking care of him and managing his property, evidence of plaintiff taking decedent "all over the place" and "wherever there was anything to see to" in the performance of such services was of a transaction with decedent to which neither plaintiff nor his wife could testify; but it was otherwise as to services performed for decedent, but not in personal connection with him.

**3.—Same—Objection to Evidence.**

Where the evidence received over objection was only partly admissible, an objection going to the evidence as a whole is not available as ground for reversal.

**4.—Evidence—Statements by Party.**

Where a witness had testified to statements made by plaintiff prejudicial to his case, the latter, who denied making them, could give his own version of the same conversation which the witness referred to, but could not testify to his own statements to the witness on other occasions. Evidence considered and held admissible as falling in the former class

**5.—Damages—Interest—Charge.**

Interest is recoverable as an element of damages for breach of a verbal contract, and it is not reversible error to direct its allowance.

**6.—Estates of Decedents—Presentation of Claim—Unliquidated Damages.**

A claim for unliquidated damages against the estate of a decedent is not required to be presented to the executor, and may be sued on without presentation, approval or rejection.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*G. W. Wells* and *Allen & Dohoney,* for appellant.—The court erred in permitting plaintiff's wife, over defendant's objection, to testify as to services rendered by her and plaintiff to J. M. Braden, deceased, because said testimony was in reference to transactions with a deceased person by the plaintiff and his wife. Sayles' Civil Statutes, art. 2302;

Simpson v. Brotherton, 62 Texas, 170; Parks v. Caudle, 58 Texas, 216; Stringfellow v. Montgomery, 57 Texas, 351; Garwood v. Schlichenmaier, 25 Texas Civ. App., 176; Cole v. Horton, 61 S. W., 504; Williams v. Walden (Ark.), 100 S. W., 900; McMorrow v. Dowell (Mo.), 90 S. W., 728.

The court erred in permitting plaintiff to testify over defendant's objection, as to work performed for and services rendered by him to J. M. Braden, deceased, because the same was in reference to transactions with defendant's testator. Same authorities.

Appellant having proven statements made by appellee in April, 1905, which showed a settlement between appellee and J. M. Braden, deceased, and appellee having denied making the statement at the time and place shown by the testimony of appellant's witnesses; it was error for the court to allow appellee, over objection, to testify to a wholly different conversation at a different time and place in which he claimed to detail another and a different transaction with J. M. Braden, deceased, because said transaction did not relate to the transaction shown by appellant's witnesses, and the statement thereof by appellee was a self-serving declaration and irrelevant and immaterial. Edwards v. Osman, 84 Texas, 659; Henry v. Bounds, 46 S. W., 121; 1 Elliott on Ev., sec. 241, p. 351; 16 Cyc., 1040.

Interest is a creature of the statute, and since there is no statutory provision fixing interest on debts claimed under a verbal contract, interest is not an incident of the debt. Appellee's claim is upon a verbal contract that contains no stipulation to pay any rate of interest, and is therefore not entitled to interest. Sayles' Civil Statutes, art. 3101; Close v. Fields, 2 Texas, 232; McKay v. Overton, 65 Texas, 82.

The account, duly proven and presented to the executor as required by law, and rejected by him, is appellee's cause of action in this case, and he should be confined both in his pleadings and proof to the matters therein stated upon which the executor was called upon to pass when the same was presented to him for action, and no recovery allowed except for the items therein contained. Sayles' Civil Statutes, art. 2082; Barthe v. Rogers, 127 Cal., 52; 18 Cyc., 888.

*J. S. Patrick* and *W. F. Moore,* for appellee.—The testimony objected to was admissible for the reason that such testimony was as to the things that Hobbs and his wife did while living at the home of the deceased, Braden, not in themselves amounting to transactions with said decedent. Potter v. Wheat, 53 Texas, 401; Hamilton v. Star, 27 S. W., 587.

The objection was to the whole of the testimony shown in said bill of exceptions, and if there was any of it subject to the objections urged the appellant should have pointed out that particular portion to the court. Brown v. Mitchell, 88 Texas, 350.

Where evidence of admissions is given against a party, he may deny or explain them, and in so doing may show what the alleged conversation, if any, really was, even though he could not have introduced such evidence in his own behalf in the first instance. I Elliott on Evidence, sec. 241, p. 351.

It is at least questionable as to whether or not any necessity existed

for the presentation of appellee's claim, in as much as it was an un-liquidated demand.    See  Simpkins' Administration of Estates in Texas, 205.

WILLSON, CHIEF JUSTICE.—Appellee was the plaintiff below.   In his petition he alleged that appellant's testator, James M. Braden, de-ceased, in his lifetime, being old, infirm, almost helpless and alone, undertook and agreed if he, appellee, and his wife would move to his, Braden's home, and care for him and for his property during the re-mainder of his life, to pay them well for so doing; that relying upon such undertaking he moved with his wife to Braden's home, and for thirty-six months thereafterwards remained there, caring for said Bra-den and managing his property; that during said thirty-six months he looked after Braden's farms and stock, collected rents due him, and generally superintended his entire business, and that during the same period his wife "attended to all the household duties, cooked, washed and kept house for said Braden;" that at the expiration of said thirty-six months, to wit, on December 28, 1905, said Braden "discharged plaintiff and his wife from aforesaid employment," and they did not thereafterwards live with him; that the services specified performed by him and his wife for Braden reasonably were worth $50 per month, or, for the thirty-six months, $1,800; that said Braden died about No-vember 15, 1906, and that after his death, and after appellant had qualified as executor of his will, he presented to appellant as such executor "his account for the sum of  $1,800, duly verified, . . . which account was by said executor examined, rejected, he endorsing his rejection thereof on same."   Appellee further alleged in his said petition that a time was not agreed upon as to when Braden was to pay for the services specified, but that "it was understood that if it was not paid before, they would be fully compensated by said Braden in his will, but that in said will no provision whatever was made for same;" and he further alleged that "the amount due him under said contract became due and payable upon the breach thereof by the de-cedent, James M. Braden, to wit, on the 28th day of December, 1905."

Appellant answered the petition by a general denial and specially set up certain matters which need not be here stated.

The trial was before a jury.   Over appellant's objection thereto, on the ground that same was a statement of transactions by and between appellee and his wife on one side and Braden on the other, about which he had not called her to testify, the court permitted Mrs. Hobbs to testify as follows:   "I rendered services to Mr. Braden during the time we lived with him by milking, cooking, washing, and keeping house in general.   I would help shuck corn sometimes and carry in wood.   I washed Uncle Jimmie Braden's clothes and washed for my family.   His clothes were in very bad condition, as he was feeble and very nervous, and could not control himself very well.   I washed his underclothes when he could not control his bowels.   I performed the services above enumerated for three years.   My husband would go with Uncle Jimmie—take him every place he wanted to go, and waited on him all over the place; that is, in feeding and tending to all of the stock and all outside work—everything.   He did all the outside work

that was done about the place." Over appellant's objection thereto on like ground, the court permitted appellee to testify as follows: "I done a good deal while I lived there; I could tell a heap of it. I hauled wood, cut wood, I fed cattle, I fed mules, collected rents, harnessed the old man's buggy and carried him almost every place that there was anything to see to—I went with him. I attended to putting up hay; there was about 500 or 600 acres of meadow. I superintended the putting up of that hay while I was there. I have never received one cent in compensation for what I done while living on the Braden place." And further, to testify as follows: "When I moved to Mr. Braden's place I took there with me 300 bushels of corn, 1,000 pounds of pork, some sugar and coffee. The corn was put into Mr. Braden's crib and fed out to my horses and his. The other supplies I carried there was cooked and eaten there. Supplies were furnished by me while I lived there. I bought them up town at the grocer's. I could not state what proportion of the supplies used on the place was furnished by me." Appellant duly excepted to the action of the court in admitting as evidence the testimony quoted above. The trial was before a jury, and the appeal is from a judgment in favor of appellee for the sum of $471.40, interest and costs.

*After stating the case as above.*—Appellant's first, second and sixth assignments of error are predicated upon the action of the court in admitting as evidence the testimony of appellee and his wife quoted in the foregoing statement. If the testimony of Mrs. Hobbs referred to should have been excluded had she by name been a party to the suit, the fact that she was not such a party would not be a reason for overruling the objection to it. The recovery sought was on behalf of the community estate between herself and her husband, and therefore she was a real party to the suit. That the wife in such a suit can not, unless called to do so by the opposite party, testify to transactions had by her, or by her husband, with the decedent, is not an open question in this State. It is settled that she can not testify as to such transactions. Simpson v. Brotherton, 62 Texas, 170; Anglin v. Barlow, 45 S. W., 827; Paddock v. Lewis, 13 Texas Civ. App., 265; Hedges v. Williams, 26 Texas Civ. App., 551. Her testimony, therefore, is to be treated as that of a party to the suit, and its admissibility must be determined with reference to the rules applicable to the testimony of appellee, her husband. The statute declares that "in actions by or against executors . . . in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator . . . unless called to testify thereto by the opposite party." 1 Sayles' Stats., art. 2302. Was the testimony of appellee, or that of his wife, as quoted, as to a transaction or transactions by either of them with Braden? We think it must be answered that portions of the testimony of each clearly were as to such transactions. "My husband," Mrs. Hobbs testified, "would go with Uncle Jimmie (Braden) —take him every place he wanted to go and waited on him all over the place; that is, in feeding and tending to all of the stock and all outside work—everything." Going with Braden, taking him from place

to place and waiting on him, when sought to be made the basis of a recovery of compensation therefor, certainly were "transactions with" Braden. So, as clearly, was carrying him "most every place that there was anything to see to," as testified to by appellee, a transaction by him with Braden. Garwood·v. Schlichenmaier, 25 Texas Civ. App., 176; Williams v. Walden, 100 S. W., 900; Abbott v. Stiff, 81 S. W., 563; Johnson v. Lochhart, 16 Texas Civ. App., 32, 40 S. W., 640. And, while not so well satisfied about it, we think appellee's testimony that groceries purchased by him were used by Braden, also was within the inhibition of the statute.

The remainder of the testimony of appellee and his wife admitted as evidence over appellant's objection, we think was not inadmissible on the ground stated. It was as to what the witnesses respectively did, and not as to "transactions with" the decedent. Potter v. Wheat, 53 Texas, 408.

The testimony of Mrs. Hobbs as quoted, having been objected to in its entirety, and portions of same being admissible and other portions inadmissible did the court err in overruling the objection thereto and in admitting the testimony as evidence? We think not. The rule seems to be that "if the exception goes to the whole of the testimony complained of, and a part is admissible, the objection to the evidence will not be considered." Dolan v. Meehan, 80 S. W., 101; St. Louis S. W. Ry. Co. v. Frazier, 87 S. W., 400; International & G. N. Ry. Co. v. Cuneo, 47 Texas Civ. App., 622, 108 S. W., 718; Wandelohr v. Grayson County Bank, 106 S. W., 416; Tuttle v. Moody, 100 Texas, 240, 97 S. W., 1037; Rhodes-Haverty Furniture Co. v. Henry, 67 S. W., 341; Texas & P. Ry. Co. v. Hall, 31 Texas Civ. App., 464, 72 S. W., 1053; Moore v. The Bank of the Metropolis, 38 U. S., 302, 10 Law ed., 173. For a like reason—that is, because a portion of it was admissible—the court did not .err in overruling appellant's objection to the testimony of appellee quoted in said statement. The assignments specified, therefore, must be overruled.

One Crow and his son having testified to a conversation they asserted they had had with appellee, in the course of which appellee made certain statements tending to show the terms of the contract between himself and Braden and a compliance by the latter with his obligations thereunder, appellee, after testifying that he had had no such conversations with the Crows as the one recounted by them, over appellant's objection was permitted to further testify as to other and different statements which he asserted he had made to the Crows in a conversation between himself and them. The grounds of appellant's objection were that the conversation testified to by appellee was another and different one from that testified to by the Crows, was self-serving, and within the inhibition of the statute above referred to, because it detailed transactions by appellee with the decedent Braden, and as well statements by him in regard to such transactions. If the conversation testified to by appellee was not the conversation testified to by the Crows, the objection interposed by appellant to appellee's testimony should have been sustained. But the elder Crow and appellee both testified that they had never had more than one conversation with each other involving matters they respectively were testifying

about, and each denied that the conversation as detailed by the other ever occurred. If the testimony objected to, instead of referring to another and different conversation, was appellee's version of the conversation testified to by the Crows, we think it was admissible. 1 Elliott on Ev., sec. 241, p. 351; 1 Ency. of Ev., p. 608, note; St. Louis S. W. Ry. Co. v. Frazier, 87 S. W., 400; Fidelity & Casualty Co. v. Dorough, 107 Fed., 393. It was competent for appellee not only to deny the statements in the conversation attributed to him by the Crows, but also to support such denial by giving his version of the conversation. Whether the testimony objected to referred to the conversation detailed by the Crows or to another conversation presented a question for determination by the trial court in ruling on the admissibility of said testimony. The sufficiency of the predicate laid to justify the admission of the testimony is attacked in no other way than by an assumption in the assignment that it was shown that the conversation recounted by appellee occurred at a time and place different from the time and place when and where the conversation recounted by the Crows occurred. We do not think it so indisputably appears from the record. Both the Crows and appellee testified that the conversation they respectively recounted occurred at the elder Crow's home. The time it occurred was fixed by the Crows as in April, 1905, while appellee by his testimony did not fix a time. In the condition stated of the record, we think the assignment should be overruled.

The trial court did not err in instructing the jury, if they found for appellee, to find in his favor as interest six percent on the sum they believed to be due to him by Braden on December 28, 1905. Appellant's contention, based on the ruling in Close v. Fields, 2 Texas, 238, that, unless stipulated for, interest is not recoverable in a suit for a breach of a verbal contract, can not be sustained, in view of the holding in Watkins v. Junker, 90 Texas, 586, and other cases. See Weaver v. Goodman, 51 S. W., 862; San Antonio & A. P. Ry. Co. v. Timon, 110 S. W., 83; Gulf, C. & S. F. Ry. Co. v. Graves, 45 Texas Civ. App., 375, 101 S. W., 488.

In support of the allegation in his petition that he had presented to appellant as Braden's executor an account for $1,800 covering the services on which he sought a recovery, and that appellant as such executor had rejected same, appellee offered as evidence an account, and the endorsement thereon, as follows:

"Estate of James M. Braden to J. P. Hobbs, Dr.

"To services rendered from December 28, 1902, to December 28, 1905, 36 months, at $50 per month, said time being employed in superintending his farms, stock, and managing his business for him, under an agreement made by the said James M. Braden, to pay said Hobbs and his wife, and pay them well if they would move to his home and care for him . . . $1,800.

"The State of Texas, county of Lamar.

"Before the undersigned authority this day personally appeared J. P. Hobbs, who, on oath, says that the attached claim of eighteen hundred dollars, against the estate of James M. Braden, deceased, is just,

and that all legal offsets, payments and credits, known to affiant, have been allowed.

"J. P. Hobbs.

"Sworn to and subscribed before me, this 17th day of April, A. D. 1907.

"Wm. Hodges,
"Notary Public, Lamar Co., Texas.

"The within claim of J. P. Hobbs against the J. M. Braden estate having been presented to me for allowance, I hereby reject the same.
"G. W. Wells,
"Executor of the J. M. Braden estate."

The court admitted the account as evidence, over appellant's objection thereto on the ground that there was a variance between it and the account declared upon in the petition, in that the account offered as evidence was only for services rendered to Braden in superintending his farms and managing his business, while the account declared upon was also for certain personal services, manual labor, etc., alleged to have been performed for Braden by appellee and his wife. After the court had admitted as evidence the account offered by appellee, appellant asked the court "to strike from the record, exclude and withdraw from the jury all testimony of said plaintiff (appellee) and his wife, Mrs. Hobbs, as to personal services rendered said Braden by Mrs. Hobbs, and work and labor performed by her for him, and all testimony as to manual labor and work performed by plaintiff for said Braden and all services rendered by plaintiff in the way of waiting upon him and personal care and attention rendered by plaintiff to said Braden," upon the ground that the account proven to have been presented to and rejected by him as executor "did not contain any charge for such labor, personal care and attention and services, but was only for services rendered by plaintiff in superintending said Braden's farms and stock and managing his business for him. The court overruled the motion, and also refused to instruct the jury, as appellant requested him to do, not to find for appellee anything on account of his wife's services "in keeping house for and waiting upon Braden nor for manual labor and services rendered said Braden by plaintiff."

In passing upon the assignments presenting for revision the action of the court in the particulars just stated, it is proper first to determine whether the claim made the basis of appellee's suit was such a claim as must have been rejected by the executor before a suit could be maintained on it. 1 Sayles' Stats., art. 2082; Thompson, Adm'r, v. Branch's Adm'r, 35 Texas, 25; Ballard v. Murphy, 15 S. W., 42. The claim was "for money against an estate," and the amount, if any, justly due appellee on it, though unliquidated, was capable of ascertainment by proof made in the ordinary way. If we regarded the question presented as an open one, keeping in mind the purposes of the statute (Graham v. Vining, 1 Texas, 644; Garrett v. Gaines, 6 Texas, 441), we would be strongly inclined to hold the claim to be one which must have been presented to and rejected by the executor be-

fore the suit could be maintained. But it seems to be settled that claims for unliquidated amounts need not be so presented and rejected as a prerequisite to the holder's right to sue thereon. Evans v. Hardeman, 15 Texas, 483; Ferrill's Adm'r v. Mooney's Ex'rs, 33 Texas, 224; Sutton v. Page, 4 Texas, 142; King v. Cassidy, 36 Texas, 538; Blum v. Welborne, 58 Texas, 159. In the Evans-Hardeman case cited above, Evans had located a land certificate for Hardeman and for his services was to have one-half of the land. The location as made was not satisfactory to Hardeman, but he accepted it as a performance on the part of Evans of his obligation under the contract between them covering the location of the certificate, on Evans' guaranty to him of $1 per acre for his part of the land located. Evans expected to negotiate a sale of the land in New York, but died before he had done so. The suit was by Hardeman against Evans' administrator on Evans' guaranty, for the difference between the market value of the land and its value at $1 per acre. Hardeman having recovered a judgment, on appeal it was objected that his claim had not been presented to Evans' administrator before the suit thereon was commenced. In disposing of this objection the court said: "It is a sufficient answer that the petition was framed with a double aspect in respect to the relief sought. In the aspect in which it was maintainable, and was maintained, it was a demand for uncertain or unliquidated damages, being the amount which the land fell short in value of the sum of one dollar per acre; and being a sum which was uncertain, and could only be rendered certain by proof, it was not necessary that it should have been presented to the administrator for allowance." In Ferrill's Adm'r v. Mooney's Ex'r, supra, the action was to recover the value of certain hogs belonging to the Ferrill estate, alleged to have been killed by Mooney in his lifetime. The claim had been presented to and rejected by Mooney's executor, but suit thereon had not been commenced within ninety days after it was so rejected, as was required by the statute. In passing upon a question made as to whether it was necessary that the claim should have been presented to and rejected by the executor before a suit thereon could be maintained, the court said: "The words 'claim for money' have received the construction of this court to mean liquidated claims. (Hall v. McCormick, 7 Texas, 275.) It certainly could not be in the minds of the Legislature to cause a party to make oath as to the amount due on a claim upon which there had been no agreement between the parties, and thus open a door to perjury, and to favor a person in an inverse ratio to his conscience." If, as seems to be the case, the effect of the decisions cited is to hold the statute operative only when the claim for money is a liquidated one, it is clear that appellee's claim was not within the statute and as a prerequisite to a suit thereon need not have been rejected by appellant as Braden's executor. As, out of respect to what we believe to be the construction placed upon the statute by the Supreme Court in the cases cited above, we feel constrained to hold that the claim sued upon was one which need not have been presented to the executor, it is unnecessary to determine whether, on the grounds urged, the claim rejected by the executor should have been excluded as evidence or not.

We do not think the charge of the court was erroneous in the par-

ticular pointed out in the eighth assignment, nor do we think the court erred in refusing to give to the jury the special charge requested by appellant, referred to in his tenth assignment. Both of said assignments therefore are overruled, as is also the twelfth, which questions the sufficiency of the evidence to support the verdict of the jury. The evidence as it appears in the record we think is sufficient to support the amount found in appellee's favor. The judgment is affirmed.

*Affirmed.*

Justice Hodges disqualified and not sitting.