HENDERSON v. DAVIS.    (No. 1704.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 1, 1917. On Motion for Rehearing, Jan. 11, 1917.)

1. CONTRACTS ☞346(12)—PLEADING—PROOF.
    One cannot plead an express contract and recover upon proof of facts which show an implied contract, nor plead an express contract to pay a fixed sum or specified commodity and recover what the services were reasonably worth, where there has been only a breach in the stipulation of payment.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1748; Dec. Dig. ☞346(12).]

2. WILLS ☞68 — CONTRACT TO DEVISE — PLEADING—PETITION—CONSTRUCTION.
    In an action against the estate of a decedent, a petition alleging an express agreement by the decedent to devise to plaintiff 100 acres of land in consideration of personal services to be rendered by the plaintiff, and the rendering of such services by the plaintiff, with no alternative count, stated a suit upon an express contract.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 178–182; Dec. Dig. ☞68.]

3. WILLS ☞63 — CONTRACT TO MAKE BEQUEST—CONSTRUCTION.
    Contracts to pay for services rendered by a testamentary bequest of money are subject to the same rules of construction as applicable to contracts generally.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 171; Dec. Dig. ☞63.]

4. FRAUDS, STATUTE OF ☞75—CONTRACT TO DEVISE LAND.
    The provision of the statute of frauds requiring contracts for the conveyance of real estate to be in writing includes contracts to devise land which to be enforceable must conform to all the legal requirements essential to a contract of conveyance inter vivos.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 132; Dec. Dig. ☞75.]

5. FRAUDS, STATUTE OF ☞137—CONTRACT TO DEVISE LAND—PART PERFORMANCE—SERVICES.
    The fact that plaintiff performed personal services for the deceased is not such an execution or part performance as would take a contract to devise land in payment therefor out of the statute of frauds, since it amounts to no more than the payment of the purchase money.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 301–326; Dec. Dig. ☞137.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. WILLS ⚖68—CONTRACT TO DEVISE LAND—BREACH—DAMAGES.**

The measure of damages for the breach of a contract to devise land in payment for personal services is the same as for breach of contract to convey which ordinarily is the value of the land to which the contract related.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 178–182; Dec. Dig. ⚖68.]

**7. WILLS ⚖68 — CONTRACT TO DEVISE — PLEADING—PROOF.**

In an action against the estate of a decedent, where the petition did not state whether an alleged contract to devise land in payment for personal services to be rendered was written or oral, plaintiff could prove a written contract.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 178–182; Dec. Dig. ⚖68.]

**8. WILLS ⚖58(2) — CONTRACTS TO DEVISE LAND—EVIDENCE.**

In an action against the estate of a decedent, evidence *held* insufficient to establish an alleged express agreement on the part of decedent to devise land to plaintiff in consideration of personal services to be rendered during the lifetime of decedent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 165; Dec. Dig. ⚖58(2).]

**9. WILLS ⚖58(2) — CONTRACTS TO DEVISE LAND—EVIDENCE.**

Courts are disposed to require more satisfactory evidence to establish agreements to devise land in consideration of personal services than is usually accepted as sufficient proof of contracts generally.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 165; Dec. Dig. ⚖58(2).]

On Motion for Rehearing.

**10. EXECUTORS AND ADMINISTRATORS ⚖221(4)—PERSONAL SERVICES—PROOF.**

In an action against the estate of decedent, evidence that personal services rendered by plaintiff during the lifetime of decedent were not rendered gratuitously, together with evidence of their value, would support a judgment for compensation for such services.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 903, 903½, 1872–1874, 1876; Dec. Dig. ⚖221(4).]

**11. EXECUTORS AND ADMINISTRATORS ⚖437(3)—LIMITATIONS—ACTIONS AGAINST DECEDENT'S ESTATE—IMPLIED CONTRACT FOR PERSONAL SERVICES.**

Where personal services are rendered during the lifetime of a decedent without express agreement of any kind, the bar of limitations would be determined by the law applicable to claims generally against the estates of deceased persons.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1744–1747, 1764; Dec. Dig. ⚖437(3).]

**12. LIMITATION OF ACTIONS ⚖46(5)—ACCRUAL OF CAUSE OF ACTION—CONTRACT TO PAY FOR SERVICES BY WILL.**

Where personal services are rendered during the lifetime of a decedent under an express contract to pay for the services by will, without specifying what the compensation is to be, the bar of limitations does not begin until after the death of decedent.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 244; Dec. Dig. ⚖46(5).]

**13. WITNESSES ⚖159(9) — TRANSACTIONS WITH A DECEDENT—SERVICES.**

In an action against the estate of decedent on an alleged implied contract for personal services, plaintiff may testify as to what he did in the service of decedent when the latter was not present or a party to the transaction.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 676; Dec. Dig. ⚖159(9).]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Jim Davis against John L. Henderson, administrator of the estate of James Eastridge, deceased. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Beard & Davidson, of Marshall, for appellant. Cary Abney and M. O'Banion, both of Marshall, for appellee.

HODGES, J. In this suit the appellee recovered a judgment in the court below against the appellant, as the administrator of the estate of James Eastridge, deceased. Omitting the formal introductory portions of the petition, it is as follows:

"The plaintiff alleges that the said James Eastridge on or about the 1st day of January, 1913, and at the time of his death, was seised and possessed of a valuable estate consisting of about 600 acres of land situated in Harrison county, Tex., certain live stock, and other personal property. Said Eastridge was on said 1st day of January, 1903, an old man in feeble health and unable to properly attend to his business affairs and conduct his farm. Said Eastridge had never married, and had no near relatives or other persons to live with him or to assist him in his business; and, being all alone and in need of some one to care for him and assist him in the management of his affairs, said Eastridge on or about January 1, 1903, entered into an agreement with plaintiff by the terms of which said Eastridge agreed and promised to devise to plaintiff 100 acres of said Eastridge's land; and in consideration thereof plaintiff agreed to and did render certain personal services to said Eastridge, such services consisting of assisting said Eastridge in cultivating and managing his farm, caring for his live stock, marketing his crops, purchasing provisions, clothing, etc., for him, waiting on said Eastridge and caring for him when sick, and performing various and sundry acts necessary to the management of deceased's farm and personal affairs.

"The plaintiff faithfully performed all of the acts and duties which he had agreed to do and perform from the time he entered into said agreement until the death of said Eastridge, and said services were performed at the special instance and request of the said Eastridge in the reliance of said agreement and in reliance upon the acts and conduct of said Eastridge, which were sufficient to induce a person of ordinary prudence to believe, and plaintiff did believe, that said Eastridge would remunerate plaintiff therefor by a bequest in said Eastridge's will. Plaintiff, so believing, did render said services in expectation of being remunerated therefor by a bequest from said Eastridge in plaintiff's favor.

"Plaintiff avers that the reasonable value of said services was the sum of $2,000, and plaintiff has never been paid anything of value therefor, and said Eastridge, being unable to read and write, and being in feeble health, died suddenly and after having failed through inadvertence to execute the will as he had contracted to do and as he intended to do.

"Plaintiff prays judgment for said sum of $2,000, and he prays for general relief."

According to the evidence introduced upon the trial, Eastridge was an eccentric old man,

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

who lived practically alone. While he seemed to possess the sense of hearing, he either could not or would not talk to any one. Notwithstanding his eccentricities and defects, he succeeded in accumulating considerable property, and at the time of his death owned a large body of land, together with some personal property and about $1,900 in cash. It appears that the appellee, a negro, was his nearest neighbor and most intimate associate.

As evidence of the agreement set out in the petition the appellee introduced three witnesses, who testified to conversations and statements made in the presence of Eastridge and to which he assented. One of these witnesses, Charlie Johnson, testified, in substance, that he was present on one occasion at the instance of the appellee; that 'it was a habit of Eastridge not to talk any, but he expressed his assent by giving his hand, and when he did not assent he simply did nothing; that the appellee said to him (Eastridge) on that occasion: "Here is Charlie (referring to the witness). Are you willing to will me that 100 acres of land?" In response Eastridge extended his hand. Witness then says that he told the parties that the will should be written by some justice of the peace, notary public, or officer; that the appellee then suggested a white man; but that Eastridge did not extend his hand. Taylor, another witness, testified that he was present when the matter of making a will for the appellee was mentioned; that the appellee did the talking and asked Eastridge if he would will him that 100 acres of land; that Eastridge gave his hand. This was accepted by the parties as an affirmative answer. Another witness testified to substantially the same facts.

The appellee testified, and was corroborated by other witnesses, that for several years prior to the death of Eastridge he had assisted Eastridge in the management of his business, had gone with him to market, waited on him when he was sick, and performed many other services about the premises for Eastridge. Testimony was also introduced showing the value of those services.

[1] At the conclusion of the evidence the appellant requested a peremptory instruction in his favor, upon the ground that the testimony was insufficient to support a recovery. The refusal to give that charge is assigned as error. The sufficiency of the evidence depends upon the construction that should be given the appellee's petition. If this is a suit upon an implied contract to pay the value of the services rendered, the evidence would probably be sufficient; but if it should be treated as a suit upon an express contract to devise land in payment for the services rendered, the plaintiff has failed to make out his case. There is no rule better settled than that one cannot plead an express contract and recover upon proof of facts which show only an implied contract. Neither can one plead an express contract to pay a fixed sum, or any specified commodity, and recover what the services were reasonably worth where there has been only a breach in the stipulation of payment. Gammage v. Alexander, 14 Tex. 414; Western Union Tel. Co. v. Smith, 88 Tex. 13, 28 S. W. 931, 30 S. W. 550; Morris v. Kasling, 79 Tex. 145, 15 S. W. 226, 11 L. R. A. 398; Townes on Pleading (2d Ed.) p. 427.

[2] It is contended by the appellee that his petition should be construed as a suit upon an implied contract on the part of Eastridge to pay the appellee the reasonable value of the services rendered. We cannot ignore the plain terms of the petition itself. It is alleged in language that cannot be mistaken that on or about the 1st of January, 1903, the parties entered into an agreement by the terms of which Eastridge bound himself to devise to plaintiff 100 acres of land, and in consideration the plaintiff agreed to render certain personal services to Eastridge. It is further alleged with equal certainty that the plaintiff performed all of those services as he had agreed to do, and that he did so in reliance on the agreement, as well as upon the acts and conduct of Eastridge, and that he believed that Eastridge would compensate him by a bequest in his will. The reference to the bequest expected could, under the allegations, be no other than the 100 acres of land referred to elsewhere in the petition. The petition contains no alternative count. We must therefore regard this suit as one upon an express contract on the part of Eastridge to compensate the appellee by a devise of land for services rendered during the lifetime of the deceased.

[3] Contracts to pay for services rendered by a testamentary bequest of money or other property are subject to the same rules of construction, and are to be tested by the same legal standard, applicable to contracts generally. 3 Elliott on Contracts, § 220, and the authorities referred to in the notes.

[4] A contract to devise land is not materially different from one to convey land, and, to be enforceable, must conform to all the legal requirements essential to a contract of conveyance inter vivos. Wallace v. Long, 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222. See, also, Elliott on Contracts, supra; 1 Underhill on Wills, § 288. Contracts for the conveyance of real estate under our statute must be in writing, and this includes all kinds of contracts which contemplate the passage of title to real estate or an interest therein. Sprague v. Haines, 68 Tex. 215, 4 S. W. 371.

[5] The fact that the appellee performed the services is not such an execution or part performance as would take a contract to convey out of the statute of frauds. It amounts to no more than the payment of the purchase money, and it has been frequently held that this is not sufficient. Ward v. Stuart, 62 Tex. 333; Dixon v. McNeece, 152 S. W. 675.

[6] The measure of damages for the breach of a contract to devise land is governed by the same rules which control the measure in breaches of contracts to convey. Ordinarily it is the value of the land to which the contract related. Burgess v. Burgess, 109 Pa. 312, 1 Atl. 167; Hudson v. Hudson, 87 Ga. 678, 13 S. E. 583, 27 Am. St. Rep. 270; 3 Elliott on Contracts, § 2220.

[7-9] In his petition the appellee did not allege whether his contract with Eastridge was written or oral. It was therefore permissible for him to prove a written contract which corresponded to his averments. But he offered only parol evidence, and relied upon that which was wholly insufficient to sustain his averments. The courts have been disposed to require more satisfactory evidence to establish agreements of this character than is usually accepted as proof sufficient of contracts generally. The fact that one of the parties is dead, and the ease with which obligations upon his part may be shown, is regarded as a strong temptation, in some instances, to claim compensation for services where none was ever intended.

We think it unnecessary to pass upon the remaining assignments of error.

While holding that the court committed reversible error in not giving the peremptory instruction requested, we think the case nevertheless should be remanded; and it is accordingly so ordered.

On Motion for Rehearing.

[10-12] In his motion for rehearing the appellee asked for more specific rulings upon the sufficiency of the evidence. It is neither our purpose nor province to anticipate defenses that might be interposed to an amended original petition seeking a recovery upon an implied contract to pay the value of the services rendered by the appellee to Eastridge. We mean in this case merely to hold that the evidence was insufficient to establish an express contract of any kind to reimburse the appellee for the services he had rendered. This, of course, does not mean that the appellee would not be entitled to reimbursement upon an implied agreement that he was to be paid the value of those services. Testimony sufficient to show that the services were not rendered gratuitously would, in connection with evidence of their value, support a judgment for such compensation. In applying the rules of law we must bear in mind the distinction between those cases where the parties had no express agreement of any kind and those where there was an express contract to pay for the services by will without specifying what the compensation was to be. In the former class of cases the bar of limitation would be determined by the law applicable to claims generally against the estates of deceased persons; while in the latter limitation would not begin to run till after the death of the party liable. Had the appellee in this suit established a contract on the part of Eastridge to compensate him for his services by some indefinite provision in his will, limitation clearly would not have commenced to run until the failure of Eastridge to comply with his agreement occurred.

[13] In view of the probability of another trial, we deem it proper to say that the rule laid down by this court in Wells v. Hobbs, 57 Tex. Civ. App. 375, 122 S. W. 451, should be followed in determining the admissibility of the testimony of the appellee. The rule as there announced is that he may testify as to what he did in the service of the decedent when the latter was not present or a party to the transaction.

We have carefully considered the questions raised in the motion, but feel that we should adhere to the original conclusions announced.

The motion is therefore overruled.