## FARIAS v. SALAS. (No. 6813.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1922.)

1. Trial ⬅105(2)—Testimony to transaction with deceased admitted without objection to be considered competent.

Testimony of plaintiff, in an action against an executor, as to transactions and conversations with deceased, having been given without objection, must be considered as competent and legal.

2. Witnesses ⬅178(3)—Objection to testimony of transaction with deceased waived by cross-examination.

All objections to testimony of plaintiff, in action against an executor to transactions and conversation with decedent, were waived by the testimony being brought out fully on cross-examination.

3. Witnesses ⬅183½—Corroboration of testimony without objection to transaction with deceased unnecessary.

Testimony of plaintiff, in action against an executor, to transactions and conversations with deceased, being admitted without objection, requires no corroboration before it can be credited, but is to be weighed as other testimony. ♦

4. Appeal and error ⬅994(3)—Credibility of witness for trial court in court case.

The credibility of witness is for the trial court in a case tried without a jury.

Appeal from District Court, Webb County; Covey C. Thomas, Judge.

Action by Ignacia Salas against G. P. Farias, executor. Judgment for plaintiff, and defendant appeals. Affirmed.

J. D. Dodson, of San Antonio, and Asher R. Smith, of Laredo, for appellant.

Wilmer Threadgill and Elizabeth D. Threadgill, both of Laredo, for appellee.

FLY, C. J. Suit was instituted by appellee against appellant, as the executor of the estate of Juan V. Benavides, to recover the sum of $1,000 alleged to be due her, on an express oral contract made by deceased to compensate her for services as housekeeper for him. The cause was tried by the court without a jury, and judgment rendered in favor of appellee for $1,000.

The testimony showed that appellee worked for deceased as his housekeeper, and part of the time nurse also, for three years at the rate of $30 a month. However, shortly before his death, deceased, according to the testimony of appellee, agreed with her to pay her $1,000 for all he owed her, regardless of any payments theretofore made. It was a final agreement as to the indebtedness of deceased to appellee.

[1-3] Appellant made no objection to the testimony of appellee as to transactions and conversations she had with Benavides, the deceased, and of course the testimony must be considered as competent and legal. The testimony was brought out fully by appellant on cross-examination, and all objections to it were thereby waived. Reynolds v. Reynolds (Tex. Civ. App.) 224 S. W. 382. It was for the court to pass on the credibility of the witness and the weight to be given his testimony. When such testimony is admitted without objection, we know of no rule that requires corroboration of it before it can be credited. By a waiver of the statute prohibiting its admission the evidence was such as to be weighed as other testimony might be. The promise to pay the $1,000 was made and the promise was not to leave appellee that sum by a will. The conclusions of fact of the trial court are adopted by this court, which disposes of the first, second, third, fifth, sixth, seventh, eighth, and ninth points made by appellant.

The pleading was sufficient to support the judgment for $1,000.

[4] There may be and are discrepancies, contradictions, and inconsistencies in the testimony of appellee, but in spite of them the court who saw and heard the woman testify found in her behalf, and we are in

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

no position to differ with him on his conclusion as to the truth of her testimony. He doubtless took into consideration that she was a woman of an alien race unable to speak the language of the court in which her rights were being adjudicated, and that she was greatly handicapped in being able to explain herself only through the medium of an interpreter, who, however expert, could not express accurately in English the shades of meaning given by the witness in Spanish. The judge gave credit to her testimony; we cannot do otherwise than follow him.

Affirmed.