## HOLMAN v. HOLMAN.　(No. 3193.) *

(Court of Civil Appeals of Texas. Texarkana. March 16, 1926. Rehearing Denied March 25, 1926.)

1. Marriage ⟐⟐46—Marriage license and copy of divorce judgment held admissible on application of one claiming common-law marriage, as against objections that they did not prove divorce from former husband and that marriage might have been bigamous.

On application by one claiming to have been decedent's common-law wife for order setting aside property to her, marriage license and certified copy of divorce judgment held admissible as against objections that neither proved divorce between applicant and her former husband because of discrepancy in Christian names of parties named therein, and that marriage between them might have been bigamous.

2. Witnesses ⟐⟐159(2)—Widow's testimony in support of claim of common-law marriage to decedent, on application for order setting aside property to her, held inadmissible (Vernon's Sayles' Ann. Civ. St. 1914, art. 3690).

On application by one claiming to have been decedent's common-law wife for order setting aside property, applicant's testimony that she had lived with decedent for 29 years until his death held inadmissible under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, as concerning transactions with deceased person.

3. Appeal and error ⟐⟐882(9) — Erroneous admission of testimony, substantially repeated by witness on cross-examination when recalled to testify about another matter, held not ground for reversal.

Erroneous admission of alleged widow's testimony as to common-law marriage to decedent, on application opposed by executor for order setting aside property to her, held not ground for reversal, where she gave substantially same testimony on cross-examination by executor when recalled to testify about another matter.

4. Witnesses ⟐⟐180—Objection to all of witness' testimony as concerning transactions with deceased person was properly overruled; testimony that she was widow's daughter being admissible (Vernon's Sayles' Ann. Civ. St. 1914, art. 3690).

Objection to all of witness' testimony that she was daughter of decedent and his alleged widow, as concerning transactions with deceased person, within inhibition of Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, held properly overruled; testimony that she was widow's daughter being admissible.

5. Marriage ⟐⟐40(10)—Presumption that former husband of applicant for order setting aside property to her as decedent's common-law wife had procured divorce from her held rebutted by evidence.

On application by one claiming to have been decedent's common-law wife, for order setting aside property to her, presumption that applicant's former husband procured divorce held rebutted by evidence.

6. Divorce ⟐⟐65.

Valid judgment divorcing resident of state cannot be rendered by any court in state without personal notice to her.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Application by Teter Holman for an order setting aside property of Boyd Holman, deceased, to plaintiff, for use of herself and minor children by decedent, contested by Turner Holman, administrator of decedent's estate. From an order setting aside property as prayed, the administrator appeals. Reversed, and remanded for new trial.

At the time of his death (in February, 1924) Boyd Holman owned 86½ acres of land, a mule, a horse, a wagon, two cows, and two calves—altogether worth $300, according to a report of appraisers appointed by the county court. Appellee, claiming to be said Holman's widow and asserting that said property was not subject to any other claims, applied to said court for an order setting same aside to her for her own use and the use of minor children of said Holman by her. Appellant, as administrator of said Holman's estate, contested the granting of said application, on the ground that appellee was never the wife of said Holman. Whether the application should have been granted or not de-

---

pended on whether appellee had married one Wiley Thompson; if she had, whether she had been divorced from him; and, if she had, whether thereafter there was a common-law marriage between her and said Holman. The county judge, having concluded from testimony presented to him that appellee had married Wiley Thompson and had never been divorced from him, refused to grant the application. Thereupon appellee prosecuted an appeal to the district court, where, on findings of a jury that Wiley Thompson procured a divorce from appellee and that she thereafter entered into a common-law marriage with Boyd Holman, an order was entered setting aside the property specified above for the use and benefit of appellee and named minor children of her marriage with said Boyd Holman. The appeal by the administrator is from that order.

I. C. Underwood, of Marshall, for appellant. C. M. Abney, of Marshall, and Seth Shepard Sibley, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The court admitted as evidence, over appellant's objection thereto, a marriage license issued in Harrison county, February 12, 1910, to *Willie* Thompson and Lula Whittaker, and a certified copy of a judgment of the district court of Panola county, rendered March 24, 1911, divorcing *Wiley* Thompson and Lula Thompson. The ground of the objection to the marriage license as that it did not "prove that a divorce had been granted between *Wiley* Thompson and Teter Thompson," the appellee here. The ground of the objection to the judgment was that "it did not prove a divorce had been granted beteen Wiley Thompson and Teter Thompson, the contestant; that such a marriage might be had between Wiley Thompson and Lula Thompson and a divorce decree have been entered divorcing them, still such marriage might have been bigamous." We do not think the testimony should have been excluded on the grounds specified, and therefore overrule the assignments presenting the matter.

[2, 3] Appellant complains because the trial court, over his objection thereto, on the ground that it was within the inhibition in the statute with reference to testimony as to statements by and transactions with deceased persons in actions by and against executors and administrators of such persons (article 3690, Vernon's Sayles' Ann. Civ. St. 1914) permitted appellee to testify as a witness that she "lived with Boyd Holman, the deceased;

that she began living with him 29 years ago, and lived with him until his death; that she and Boyd had 8 children." We think the objection should have been sustained and the testimony excluded (Edelstein v. Brown, 100 S. W. 129, 100 Tex. 403, 123 Am. St. Rep. 816), but do not think the judgment should be reversed because of the error in admitting it. Substantially the same testimony was given by appellee on her cross-examination by appellant, when she was recalled to the witness stand to testify about another matter. Reynolds v. Reynolds (Tex. Civ. App.) 224 S. W. 382; Farias v. Salas (Tex. Civ. App.) 244 S. W. 1115; Edwards v. White (Tex. Civ. App.) 120 S. W. 914.

[4] Over appellant's objection on the same ground, the court permitted the witness Ida Leafall to testify that she was "the daughter of Teter Thompson or Holman (appellee), and Boyd Holman was her father, and that Boyd Holman treated her as a daughter and provided for her as a daughter." If any of the testimony was within inhibition of the statute, the statement of the witness that she was appellee's daughter was not; and therefore, the objection being to all of it alike, it was not error to overrule it. Wells v. Hobbs, 122 S. W. 451, 57 Tex. Civ. App. 375; Olschewske v. Priester (Tex. Com. App.) 276 S. W. 647.

[5, 6] Appellant insists, and we agree, that the finding of the jury that Wiley Thompson procured a divorce from appellee after he separated from her was contrary to the testimony. Our agreement is predicated on the testimony of appellee as a witness in her own behalf that she never procured a divorce from Wiley Thompson and that she never was served with notice of the fact, if he ever sued her for a divorce. The effect of this testimony we think was to show that Wiley Thompson and appellee were never divorced, and so rebut a presumption that they had been, which might otherwise have been indulged. Nixon v. Land & Cattle Co., 19 S. W. 560, 84 Tex. 408, and authorities there cited. Appellee never resided elsewhere than in this state. Without personal notice to her, a valid judgment divorcing her from Wiley Thompson could not have been rendered by any court in this state (Stewart v. Anderson, 8 S. W. 295, 70 Tex. 588; Stephens v. Stephens, 62 Tex. 337), nor, it seems, by any court in any other of the United States (Haddock v. Haddock, 26 S. Ct. 525, 201 U. S. 562, 50 L. Ed. 867, 5 Ann. Cas. 1).

The judgment will be reversed and the cause will be remanded to the court below for a new trial.