### HILL v. SMITH.
#### No. 13563.

Court of Civil Appeals of Texas. Dallas.
July 21, 1944.

G. H. Crane, of Dallas, for appellant.

J. J. Fagan and Henry Tirey, both of Dallas, for appellee.

BOND, Chief Justice.

This appeal regularly proceeds from a judgment of a district court of Dallas County in pursuance of an instructed verdict. Appellant claimed to have been the common-law wife of Andrew Stevenson, deceased, at the time of his death—hence, as such, entitled to share in his estate; and, by virtue of being his surviving wife, he having died intestate without issue, and the property in suit having been acquired by him during their marriage, she inherited the whole of the property to the exclusion of appellees, sister of the deceased.

Against the action of the court below, in peremptorily instructing a verdict against her on the issue of whether or not she was the common-law wife of Andrew Stevenson, we are confronted with the rules in Texas that courts must indulge every legitimate conclusion reasonably inferable from the evidence in favor of the questions involved—disregarding all adverse evidence; that the sufficiency of the evidence to raise the issue is one of law, and its sufficiency to satisfy the jury is entirely for the jury. Rodriguez v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 35 S. W.2d 510; Cole v. Cole, Tex.Civ.App., 28 S.W.2d 309; King v. King's Unknown Heirs, Tex.Civ.App., 16 S.W.2d 160; Id., Tex.Com.App., 34 S.W.2d 804.

Since no particular character of evidence of marriage is required by the statutes of this State, a common-law marriage is good where there is evidence of an agreement between a man and a woman, both competent to marry, presently to become husband and wife, and who are actually living together as such in pursuance of such agreement, and holding out with each other to the public as husband and wife. Martinez v. Martinez, Tex.Civ.App., 6 S.W.2d 408. Such marital relation, as any other fact issue, may be proven by circumstantial evidence. The acts, statements and conduct of the parties—such things being merely circumstances—may raise the issue of marriage; hence are pertinent evidence from which a jury may reasonably infer that a contract existed to satisfy the requirements in Texas of a valid common-law marriage.

In this instance, appellant being unable, on account of the interdiction of Article 3716, R.S. (dead-man's statute), to testify as to whether or not she made an agreement with deceased that they would become husband and wife, followed by cohabitation and holding out to the public their marriage state (Holman v. Holman, Tex.Civ.App., 283 S.W. 271; Id., Tex.Com. App., 288 S.W. 413), necessarily, as is usual in such cases, had to resort to circumstances; hence, independently of any direct evidence, many witnesses testified in her behalf that she and Andrew Stevenson lived together in the same house for more than eighteen years, slept together in the same bed, often spoke of each other as husband and wife, and that he often introduced her to his relations and friends as his "old lady", "his lady", "his wife", each entertaining the relation of connubial bliss usually incident to marriage status and exhibited in the presence and hearing of their neighbors and friends; and that she was heard to account for their living together as being married. She kept his home, cooked his meals, washed his clothes and, in the latter years of his life, attended to administration to his lingering illness. They attended church together, and were reputed to be man and wife in the neighborhood where they lived for eighteen years before his death. So we think where they have openly cohabited as husband and wife, recognized and treated each other as such, and, among those who have come in contact with them, were generally reputed to be married, raised the issue of common-law marriage, justifying a finding by the jury that at the commencement of cohabitation the parties actually entered into the marriage. However, such is not conclusive, but justifies a finding on the issue from the tryer of facts when given the

benefit of all reasonable inferences and intendment. Without extending details, we think the evidence, although strongly rebutted, was sufficient to take to the jury the question of whether or not the declared-upon common-law marriage, inclusive of the necessary agreement between the parties to enter into it, existed (Walton v. Walton, Tex.Com.App., 228 S.W. 921; Burnett v. Burnett, Tex.Civ.App., 83 S.W. 238; Texas Employers' Ins. Ass'n v. Soto, Tex.Civ.App., 294 S.W. 639); and that the trial court erred in peremptorily instructing the jury against appellant. Further discussion is deemed unnecessary; our conclusion determines the merits of this appeal; hence the judgment of the court below is reversed and cause remanded for another trial.

Reversed and remanded.