## JACKSON v. JACKSON.

### No. 14689.

Court of Civil Appeals of Texas.
Fort Worth.
May 18, 1945.

Rehearing Denied June 8, 1945.

Nelson, Montgomery & Robertson, of Wichita Falls, and J. W. Akin, of Dallas, for appellant.

T. R. Boone, of Wichita Falls, and J. Walter Friberg, of Wichita Falls, for appellee.

McDONALD, Chief Justice.

Appellant and appellee were married in the year 1918, and were divorced on March 8, 1939. Their property was not divided at the time of the divorce, This suit, brought by the wife, has for its purpose a division of the property, and an accounting from the husband as to property remaining in his hands after the divorce. The nature of the judgment rendered will appear from our discussion of the several points of error. The husband, being dissatisfied with portions of the judgment, has appealed.

Prior to the divorce appellant and a Mr. Lambert were engaged in the oil business under the partnership name of Lambert and Jackson. In response to special issues, the jury found: (1) That Jackson, the appellant, entered into a conspiracy with Lambert on or about June 1, 1939, to conceal the assets of the partnership of Lam-

bert and Jackson. (2) That Jackson turned over all the assets of the partnership to Lambert on or about August 31, 1939, for the purpose of "concealing or defrauding" appellee of her interest therein. (3) That Lambert continued after such date to handle the assets of the partnership in his own name. (4) That the transfer of such assets to Lambert was not in good faith. (5) That the act of turning over the assets to Lambert was a part of Jackson's plan or scheme to conceal Mrs. Jackson's interest in the partnership. (6) That the reasonable cash value on December 20, 1940, of the assets of Lambert and Jackson turned over to Lambert by Jackson on August 31, 1939, together with all of the increase thereof, was $66,285.86. The trial court awarded Mrs. Jackson a money judgment against Jackson for the sum just mentioned.

Appellant's first four points of error relate to the Lambert and Jackson partnership. Under the first point it is charged that the trial court erred in holding as a matter of law that the relationship of trustee and beneficiary existed between appellant and his divorced wife with respect to the community property accumulated during their marriage. Under the second point it is contended that the court erred in attempting to effect an accounting of the partnership without Lambert being made a party to the suit. Under the third point it is contended that there was no evidence of probative force showing a conspiracy between Jackson and Lambert. Under the fourth point it is argued that there was no evidence of probative force showing what property the partnership owned, or the value of it.

■ As we view the case, a reversal is required under the fourth point. The only evidence upon which the jury could possibly have arrived at an answer to the issue inquiring as to the value of the partnership property on December 20, 1940, was a document which on its face purported to be a financial statement of Mr. Lambert, individually. Lambert had given the statement to one of his creditors on or about December 31, 1940. The heading of the statement was, "Burr Lambert, Balance Sheet, December 31, 1940." Lambert's net worth, according to the statement, was $538,965.13. Appellee's contention is that the statement was intended to and did cover the assets and liabilities of the partnership,

which the jury found was conducted in Lambert's name after August of 1939. There is no evidence in the record showing that this statement was intended to or did cover the partnership affairs. It was produced at the trial from the files of the creditor to whom it had been given. No one testified that it was anything other than what it purported to be, a statement of Lambert's assets and liabilities. Appellee argues that it is competent under the rule which, in a proper case, allows the declarations of one conspirator to be used against another conspirator. The rule is inapplicable here, if for no other reason, because there is nothing in the record to show that it was a declaration by Lambert as to the assets and liabilities of the partnership. Without this statement, there is no evidence to support the finding of the jury as to the value of the one-fourth interest in the partnership on December 20, 1940. Consequently, the judgment in favor of appellee against appellant for the $66,285.86 cannot stand.

■ Much of appellant's brief, and appellee's reply thereto, is devoted to appellant's contention that the trial court erred in holding as a matter of law that appellant occupied the position of trustee with respect to the community property remaining in his hands after the divorce. It is doubtful if a discussion of this question is necessary here. As we interpret the judgment of the trial court, it awards damages for the wrongful act of Jackson in turning over the assets of the partnership to Lambert in furtherance of the conspiracy to defraud Mrs. Jackson of her interest therein. The verdict of the jury is to the effect that Jackson conspired with Lambert to conceal the assets from Mrs. Jackson or defraud her, but it is obvious that a conspiracy to conceal the assets would not alone give rise to a cause of action unless it resulted in a loss of the assets. The judgment, since it is based on the verdict, must be predicated upon a theory of a conversion by Jackson of Mrs. Jackson's interest in the partnership. She contends that she is entitled to recover the highest value between the date of such conversion and the time of trial. We shall not undertake to pass upon the availability of such a remedy in this case, because, for one reason, the precise question is not raised by appellant's points of error. But we do hold that there was no competent evidence of the value of her interest in the partnership

on December 20, 1940, the date inquired about in the issue submitted to the jury.

It would be of no particular benefit to undertake a decision of the question whether there was any evidence showing a conspiracy between Jackson and Lambert, because the evidence may not be the same upon another trial.

■ Under the second point it is charged that the trial court erred in attempting to have an accounting of the partnership without Lambert being made a party to the suit. As we interpret the judgment, there was no attempt on the part of the court to render an accounting of the partnership. If appellee should seek an accounting of the partnership, it is difficult to see how she could effectively pursue such a course without making Lambert a party. If Jackson and Lambert, either in the firm name or in Lambert's name, continued to operate the partnership business after the divorce, it would · seem clear that she would be entitled to an accounting from them. See the numerous authorities cited in 80 A.L.R. 12. A suit for damage for loss of her interest in the partnership would be inconsistent with a suit for accounting based upon the theory that she still owned her interest, although under our blended system of law and equity it might be possible to plead alternatively the inconsistent causes of action. We hesitate to announce rules in anticipation of what might arise upon another trial, although we might point out the suggestion found in 40 American Jurisprudence, beginning at page 449, to the effect that where there has been no final settlement of the partnership business and no accounting of the partnership affairs the partners are peculiarly dependent upon relief in a court of equity.

■ The fifth point of error relates to the portion of the judgment dealing with certain property, both real and personal, which had been owned jointly by Jackson and a corporation bearing the name of Geier Brothers, Inc. By virtue of certain contracts in writing, all of which were executed during the marriage of appellant and appellee, Jackson owned five-sixteenths interest in such properties, subject to the payment of certain items of indebtedness specified in said contracts. There seems to be no dispute as to what property was covered by such contracts, nor as to the right of appellee to half of the interest owned by the community estate of appel-

lant and appellee. Nor does there seem to be any dispute concerning the fact that the rights of appellant and appellee are subject to the terms and provisions of said contracts with Geier Brothers, Inc., including the payment of the indebtedness referred to in the contracts. No issues were submitted to the jury concerning this phase of the suit. The trial court found the amount of the indebtedness to be $40,480.78, and awarded to Mrs. Jackson a half interest in the interest owned by the community estate in such properties, subject to half the indebtedness of $40,480.78. Appellant does not complain of the award to appellee of a half interest in such properties, but does complain of the decree that appellee's interest should be subject to payment of half the indebtedness of $40,480.78. The basis of his complaint is that the finding of the trial court that the unpaid balance of such indebtedness was $40,480.78 was not binding on Geier Brothers, Inc., the latter not being a party to the suit and therefore not bound by the judgment rendered. There was testimony indicating that the amount of such indebtedness might be in excess of a hundred thousand dollars. Clearly, we think, the trial court should not have attempted to determine the amount of such indebtedness that should be charged against the interest awarded to Mrs. Jackson, but should have adjudged that her interest was subject to half of such indebtedness, whatever it might be.

■ The sixth point of error complains of the award to Mrs. Jackson of a one-eighth interest in a partnership business known as Geier-Jackson Recycling Plant. This partnership, and the partnership business, were organized after the divorce. Jackson's contention is that he acquired his interest in the business after the divorce, that he did not use any funds or property belonging to the community estate of himself and his former wife to pay for his interest in the business, and that, therefore, his former wife had no interest therein. Her contention is that Jackson's interest in the Recycling Plant was acquired through a transfer to the Recycling Plant of certain drilling equipment which was a part of the property covered by the contracts between Jackson and Geier Brothers, Inc., above mentioned, in which Jackson and Mrs. Jackson owned an interest of five-sixteenths. The verdict of the jury supports Mrs. Jackson's contentions, so it must be determined whether there is any evi-

dence of probative force to support the verdict. As we read the record, there is not. The evidence shows without dispute that the drilling equipment in question was sold by Geier Brothers, Inc., to the Recycling Plant for $25,000. The equipment was sold on credit, and had not been paid for at the time of trial, as between the Recycling Plant and Geier Brothers, Inc., but, at the time of the sale, Geier Brothers, Inc., credited the Jackson-Geier Brothers, Inc., contracts, above mentioned, with the full amount of the purchase price of $25,000. Mr. and Mrs. Jackson thus received the full benefit of the sale, whether or not the Recycling Plant ever pays the $25,000 to Geier Brothers, Inc. There was no evidence to show that the equipment was worth more than $25,000. There was testimony to the effect that all of the fourteen persons who composed the partnership borrowed the funds required to start the business. Mrs. Jackson argues that Geier Brothers, Inc., had no right, under the contracts which Jackson had signed, to sell the drilling equipment, but only had the right to hold the equipment until payment of the indebtedness specified in the Jackson-Geier Brothers, Inc., contracts. We need not decide that question for two reasons. First, there is a total lack of evidence showing that the transfer of the drilling equipment to the Recycling Plant was made in consideration of Jackson's interest in the Recycling Plant. Second, if Geier Brothers, Inc., wrongfully sold equipment belonging to Mr. and Mrs. Jackson, her remedy is to sue Geier Brothers, Inc., for the difference between the price credited on the Jackson-Geier Brothers, Inc., contracts, and the value of such equipment, if any.

In view of what has been said, it is not necessary to pass upon the seventh point of error.

Jackson moved for judgment notwithstanding the verdict, and under his eighth and last point of error asks us to render judgment in accordance with his motion. We have carefully considered the point, together with the accompanying statement and argument, but are of opinion that we should not render judgment here.

No complaint is made of the award of certain properties to Mrs. Jackson as being her separate estate. We leave that portion of the judgment undisturbed. In all other respects the judgment is reversed, and the cause is remanded for another trial.