### WALSH v. WALSH.
#### No. 6237.

Court of Civil Appeals of Texas. Amarillo.
Sept. 22, 1952.

Rehearing Denied Oct. 20, 1952.

T. R. Odell, Lubbock, for appellant.

Boling, Smith & Allen, Lubbock, for appellee.

MARTIN, Justice.

Appellee, Ida Hester Walsh, as plaintiff, filed her original petition in this cause on October 5, 1951, and sought a divorce from M. E. Walsh, appellant, and also asked for partition of certain property including Lot 9, in Block 10 of the Sunny Hill Addition to

the City of Lubbock. As alleged by the pleadings in the cause appellant and appellee had agreed on the 8th day of December, 1950, to sell this lot to J. W. Walsh, a brother of appellant, and appellant had conveyed said lot to him by a warranty deed dated the 14th day of July 1951.

J. W. Walsh was not made a party to the suit although appellant's pleadings alleged J. W. Walsh's ownership of said Lot 9, Block 10, by conveyance. To establish the marriage of appellant and appellee it is apparent that the appellee must rely upon proof of a common-law marriage. As to the validity of such common-law marriage an issue arose as to whether a prior marriage of the appellant had been dissolved. The issues as to community property and homestead as asserted by the appellee against both appellant and the said J. W. Walsh are dependent upon appellee establishing a valid marriage to appellant.

The trial court on the issue of whether appellant's prior marriage was still in effect and therefore an impediment to his common-law marriage to appellee made the following finding of fact: "that sometime during the year 1945, the defendant in this action was served by his previous wife with citation in a divorce case, and the court presumes, as a matter of law, that was done which should have been done and that there was a divorce granted." Following such ruling the court found that appellee and appellant had effected a common-law marriage and granted appellee a divorce and division of the alleged community property.

The trial court found that appellant's conveyance of Lot 9, in Block 10 of the Sunny Hill Addition to J. W. Walsh was done for the purpose of defrauding the plaintiff (appellee) and that the improvements placed on said lot by J. W. Walsh and others were not placed thereon in good faith and that "the plaintiff is entitled to one-half of the lot and all of the improvements thereon." Under such findings, appellee recovered judgment for one-half of said Lot 9 and improvements thereon as well as division of other property. The improvements placed on the lot by J. W.

Walsh were valued at approximately $4,-000.

■ Appellant perfected an appeal and asserts seventeen points of error. Many of these points are based solely on lack of pleadings. Only those points necessary to a disposition of the cause are considered here in conjunction with fundamental error. The cause will be discussed under two issues: (a) The trial court's granting title to one-half of Lot 9, Block 10 and improvements thereon to appellee, and (b) the granting of a divorce to appellee.

■■ The first issue may be considered under appellant's points 6, 7 and 8, concerning error of the trial court in awarding appellee one-half of Lot 9, Block 10 of the Sunny Hill Addition to Lubbock and the improvements placed thereon by J. W. Walsh. As revealed by the transcript, J. W. Walsh was not a party to the suit and the court's award of one-half of the lot and improvements to appellee was fundamental error as J. W. Walsh held said lot under a warranty deed and had placed valuable improvements thereon.

The conveyance of Lot 9 in Block 10 to J. W. Walsh was executed on July 14, 1951, by appellant pursuant to a contract executed by appellant and appellee with J. W. Walsh. Although appellee was a party to the contract and appellee and appellant received payment of $250 on the lot by J. W. Walsh, appellee did not join in the execution of the deed to him. Following such conveyance, appellee filed her original petition for divorce on October 5, 1951. The conveyance to J. W. Walsh is not subject to the provisions of Article 4634, Vernon's Annotated Texas Civil Statutes. Sparks v. Taylor, 99 Tex. 411, 90 S.W. 485, syl. 1 and 2, 6 L.R.A.,N.S., 381; Meador Bros. v. Hines, Tex.Civ.App., 165 S.W. 915, syl. 5.

J. W. Walsh was a necessary and indispensable party to the suit under the judgment which in effect divested title out of him as to said lot 9 and the improvements placed thereon by him. Appellant's points on this issue as above outlined are sustained and this issue likewise presents fundamental error. The judgment of the trial court must be reversed and the cause remanded as

to the partition and division of the property in that J. W. Walsh may have his day in court as to his right or title in and to Lot 9, Block 10 of the Sunny Hill Addition to Lubbock and improvements thereon. 32 Tex.Jur.Sec. 88, p. 129; Harris v. Harris, Tex.Civ.App., 44 S.W.2d 802, syl. 2; Jackson v. Jackson, Tex.Civ.App., 188 S.W. 2d 258, syl. 4; Jones v. Jones, Tex.Civ.App., 41 S.W. 413, syl. 2.

█ The second phase of the case as to the granting of the divorce presents a more complex problem. The trial court apparently disregarded appellee's testimony in regard to her being divorced by her first husband prior to her alleged ceremonial marriage to appellant and viewed the cause solely under the theory that appellee's first husband was deceased and that appellee and appellant had effected a common-law marriage. To sustain such ruling the trial court is compelled to rely upon the presumption as hereinafter discussed in that the record does not reveal whether appellant was ever divorced by his prior wife. Under the ruling of Consolidated Underwriters v. Kelly, Tex.Com.App., 15 S.W.2d 229, the trial court's judgment of divorce might be sustained if the issue as to the marital status of the parties affected solely such issue of divorce. Curtin v. State, Tex.Cr. App., 238 S.W.2d 187, syl. 6, p. 192; Hill v. Smith, Tex.Civ.App., 181 S.W.2d 1015.

█ The issue of divorce turns on the question of whether the appellant was still married to a prior wife and therefore under a disability to contract a common-law marriage with the appellee. There is no evidence on this issue worthy of consideration and the mere service of citation on appellant by appellant's prior wife would not be sufficient to invoke the ruling of the trial court "that was done which should have been done and that there was a divorce granted." But, a presumption that the prior marriage has been dissolved does arise upon the second marriage being established. Holman v. Holman, Tex.Com. App., 288 S.W. 413. Such presumption may be rebutted and the burden was upon the appellant to prove that his first marriage had not been dissolved. Hudspeth v. Hudspeth,

Tex.Civ.App., 198 S.W.2d 768 (second case), syl. 1, 2, 3. As stated hereinabove, the issue as to the marital status of appellant and appellee might thus be resolved in favor of the appellee if no legal rights were affected by such finding other than those existing between appellant and appellee.

█ J. W. Walsh's title to Lot 9, Block 10 was placed in issue in this cause and such title is vitally affected by the issues in the cause as to community property and homestead. The issues of community property and of homestead were solely dependent upon the finding of a valid marriage between appellant and appellee and such issues were fundamental as to determining the title of J. W. Walsh in and to Lot 9, Block 10. J. W. Walsh was therefore an indispensable party to the determination of all issues before the court in this cause as affecting his title to said Lot 9. The error of the trial court in adjudicating the issues affecting J. W. Walsh's title to Lot 9 when he was not a party to the suit is fundamental and is within appellant's point 8 which is sustained. "It is universally acknowledged that necessary or indispensable parties includes all persons who have an interest in the subject-matter of the suit, of such a nature that a final decree cannot be made without either affecting their interests or leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience." Fischer v. Rio Tire Co., Tex.Com.App., 65 S.W.2d 751, 757, syl. 6 and 7; Rule 39, Vernon's Texas Rules of Civil Procedure; Brown v. Meyers, Tex.Civ.App., 163 S.W.2d 886, syl. 5, 6.

█ Other errors asserted here may not occur on a retrial of the cause but it may be observed that the evidence in issue established that J. W. Walsh loaned his brother $500, and no reason exists why such obligation was not a valid charge against any community property of appellee and appellant although appellant paid a fine from said fund for violation of the liquor laws. It is pertinent to note that appellee contends that while appellant was accumulating the alleged community estate sub-

ject to such debt his income was derived from the illegal sale of intoxicants.

Appellant does not bring himself within the rules as to newly discovered evidence and his contention that the court refused to consider his motion for a new trial has not harmed him in that the issues have all been raised, other than newly discovered evidence, in his points of error considered herein. Rule 434, Vernon's Texas Rules of Civil Procedure.

In that a number of points of error in the cause are predicated solely on the lack of pleadings in the cause, attention is called to Rule 67, Vernon's Texas Rules of Civil Procedure and Strong v. Garrett, 148 Tex. 265, (Sup.Ct.) 224 S.W.2d 471, syl. 16.

The points hereinabove set forth are sustained. Other points of asserted error may not occur on a retrial of the cause. The judgment of the trial court is reversed and the cause remanded under the points of error sustained and the fundamental errors apparent in the record.