Affirmed in part and Reversed and Remanded in part and Opinion filed
January 16, 2003









Affirmed
in part and Reversed and Remanded in part and Opinion filed January 16, 2003.                                                                                                     

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00999-CV

____________

 

BOLUWAJI OMODELE, Appellant

 

V.

 

MOPELOLA ADAMS, Appellee

 



 

On
Appeal from the 245th District Court

Harris County, Texas

Trial
Court Cause No. 00 44484

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Boluwaji Omodele, appeals
the trial court=s judgment granting a divorce to appellee,
Mopelola Adams, and ordering appellant to pay monthly
child-support payments.  In three points
of error, appellant claims the trial court erred in (1) finding a common-law
marriage existed; (2) ordering appellant to pay child support in the amount of
$1000 a month; and (3) denying appellant=s motion for continuance. 
We affirm in part and reverse and remand in part.








                                                                 I.  Background

Mopelola Adams
sued for a divorce from an alleged common-law marriage to Boluwaji
Omodele.  Adams
claimed in her Amended Petition for Divorce that the parties were married on or
about September 14, 1999, and ceased to live together as husband and wife on or
about April 9, 2000.  The parties= relationship spanned approximately twelve years, during which
they had three children together: Seye Omodele, Mariam Omodele, and Victoria Omodele.  During this time Omodele
was married and divorced from at least two other women.  His last marriage, to Rashidat
A. Balogun, terminated pursuant to a divorce decree
on December 22, 1999, and took effect 30 days later on January 21, 2000.  In September 1999, Adams and Omodele purchased a home together in which they lived for
the duration of their relationship.  The
parties signed both a deed and title insurance for the property as husband and
wife referencing the residence as community property.

II.  Common-Law Marriage

A.  Standard of Review

In
his first point of error, Omodele attacks the legal
and factual sufficiency of the evidence admitted to establish the three
elements of a common-law marriage.  When,
as here, no findings of fact or conclusions of law are requested or filed, we
imply all necessary findings in support of the trial court=s
judgment.  Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83
(Tex. 1992).  However, because a
reporter=s
record has been provided, the implied findings may be challenged for legal and
factual insufficiency the same as jury findings or a trial court=s
findings of fact.  Roberson
v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989).  We must affirm the judgment on any theory of
law that finds support in the evidence.  Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). 








When
confronted with both legal and factual sufficiency arguments, we must first
examine the legal sufficiency point.  Texmarc Conveyor Co. v. Arts, 857 S.W.2d 743,
745 (Tex. App.CHouston [14th Dist.]
1993, writ denied).  Under a legal
sufficiency standard reviewing courts must consider all evidence in the light
most favorable to the prevailing party, indulging every reasonable inference in
that party=s favor.  Associated Indem. Corp.
v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex.
1998).  The findings are legally
sufficient if they are supported by more than a scintilla of evidence.  Formosa Plastics Corp.
USA v. Presidio Eng=rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex.
1998).

If
a party is attacking the factual sufficiency of an issue to which the other
party has the burden of proof, the attacking party must demonstrate that there
is insufficient evidence to support the adverse finding.  See Hickey v. Couchman,
797 S.W.2d 103, 109 (Tex.
App.CCorpus Christi
1990, writ denied).  In considering Omodele=s factual insufficiency issues, we weigh all of the evidence in
support of and contrary to the court=s implied findings.  See
Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.
1996).  We are to set aside the judgment
only if the evidence supporting the findings is so weak as to be clearly wrong
and manifestly unjust.  See Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986).  

B.  Elements of
Common-Law Marriage

The
validity of common-law marriages has always been recognized in Texas.  Collora v. Navarro, 574 S.W.2d 65, 68 (Tex. 1978).  A valid common-law marriage consists of three
elements: (1) the couple agreed to be married; (2) after the agreement, they
lived together in Texas as husband and wife; and (3) they represented to others
in Texas that they are married. Tex.
Fam. Code Ann. ' 2.401(a)(2) (Vernon 1998); Russell
v. Russell, 865 S.W.2d 929, 932 (Tex. 1993).  A common-law marriage does not exist until
the occurrence of all three elements.  Winfield
v. Renfro, 821 S.W.2d 640, 645 (Tex. App.CHouston [1st Dist.] 1991, writ denied).  The
burden of proof is on the one seeking to establish the existence of such a
marriage.  State v. Mireles, 904 S.W.2d 885, 888 (Tex. App.CCorpus Christi 1995, pet. ref=d).








1.  Agreement

An
agreement to marry need not be shown by direct evidence in order to establish
common-law marriage, but may be implied or inferred from evidence that
establishes the elements of cohabitation and holding out to the public as
husband and wife.  Smith v. Smith, 607
S.W.2d 617, 621 (Tex. Civ. App.CWaco 1980, no writ). 
Acts, statements, and conduct of a man and woman are pertinent evidence
from which a fact-finder may reasonably infer an agreement between the two.  See Hill v. Smith, 181 S.W.2d 1015
(Tex. Civ. App.CDallas
1944, no writ).  Adams presented to the
trial court both direct and indirect evidence supporting her claim that the
parties agreed to be married.  First, she
provided uncontroverted testimony that she and Omodele had an agreement. 
Adams=s testimony, alone, is sufficient to show an agreement to be
married.  See Matter of Estate of Giessel, 734 S.W.2d 27, 32 (Tex. App.CHouston [1st Dist.] 1987, writ ref=d n.r.e.) (finding that widow=s
testimony was direct evidence of an agreement to be married); Bolash v. Heid, 733
S.W.2d 698, 699 (Tex.
App.CSan Antonio 1987, no writ) (stating that, although defendant denied the
existence of an agreement to be married, plaintiff=s
testimony, alone, was sufficient to support a finding of such an agreement).

In
addition, Adams submitted evidence of correspondence from Omodele
to his Awife@
that he signed as her Aloving husband@ and Ahusband for life and forever.@  These facts constitute
more than a scintilla of evidence to support the trial court=s
implied finding that an agreement to enter into a marriage existed between
Adams and Omodele.

Omodele also
complains that the evidence was factually insufficient to support this
finding.  Under a factual insufficiency
claim we consider and weigh all evidence in the record.  Omodele introduced
no evidence controverting the existence of an
agreement to be married.  Omodele failed to even appear at the trial and his attorney
presented nothing for us to consider. 
Therefore, we find factually sufficient evidence exists in support of
the trial court=s implied findings.








2.  Living Together as Husband and Wife

A
present agreement to be husband and wife, not followed by cohabitation, does
not constitute a valid marriage.  Grigsby v. Reib, 153 S.W. 1124,
1126-30 (Tex. 1913).  A necessary
ingredient of a common-law marriage is that the parties live together as
husband and wife.  Welch v. State,
207 S.W.2d 627, 628 (Tex. Crim.
App. 1948).  We note that neither the
Family Code nor the common law provide a bright-line test to determine the
length of time a couple must cohabitate to satisfy this requirement.  See Tex.
Fam. Code Ann. ' 2.401(a)(2).  Rather, the cohabitation element is
determined on a case-by-case basis.  See,
e.g., Winfield v. Reno, 821 S.W.2d 640, 645 (Tex. App.CHouston [1st Dist.] 1991, writ denied).  In
the case at hand, uncontroverted testimony
established that the parties lived together from August 1998 to April
2000.  Further, the parties purchased a
home and insurance together as husband and wife in September 1999.  Omodele submitted
no evidence to contradict these facts. 
After considering all the evidence, we find it is legally and factually
sufficient to support the element of living together as husband and wife.

3.  Representing to Others

Omodele also
contends there was insufficient evidence, both legally and factually, to
support the trial court=s implied finding that the parties represented to others that
they were husband and wife.  We
disagree.  The statutory requirement of Arepresentation
to others@ is synonymous with the judicial requirement of Aholding
out to the public.@ Eris v. Phares, 39 S.W.3d 708, 714-15 (Tex. App.CHouston [1st Dist.] 2001, pet. denied).  It
is well-settled that Aholding out@ may be established by the conduct and actions of the
parties.  Id. at
715.  Spoken words are not
necessary to establish representation as husband and wife.  Id. 
The requirement may be established by evidence that the couple has a
reputation in the community for being married. 
Id.








At
trial, Adams presented evidence in the form of conduct and documentary evidence
to show that she and Omodele held themselves out to
be husband and wife.  The two signed
legal documents purchasing a home and obtaining title insurance in which they
identified themselves as husband and wife and identified the property as community
property.  Such a legal representation of
marriage is sufficient.

C.  Consequence of Other
Marriage

Omodele argues
that a common-law marriage between the parties could not exist because he was
married to another woman at the time he allegedly married Adams.  A marriage is void if entered into when
either party has an existing marriage.  Tex. Fam. Code Ann. ' 6.202(a).  However, the later marriage becomes valid
when the prior marriage is dissolved if, after the date of the dissolution, the
parties have lived together as husband and wife and represented themselves to
others as being married.  Id. '
6.202(b).  More specifically, when a
woman continues to live with a man as his wife after his divorce from a
previous wife, a common-law marriage exists that may be the subject of divorce.  See Potter v. Potter, 342
S.W.2d 800, 801 (Tex. Civ. App.CDallas
1961, no writ).  

The
impediment to marriage that Omodele claims existed
was removed when his divorce from Balogun became
final in December 1999.  Omodele and Adams continued to live together as husband and
wife in their community property home until April 2000.  Therefore, the prior marriage does not
destroy the existence of a valid common-law marriage between Omodele and Adams.

We
conclude the evidence is legally and factually sufficient to establish the
existence of a common-law marriage between Omodele
and Adams.  We overrule Omodele=s first point of error.

 

 








III.  Child-Support Award

In
his second point of error, Omodele argues that the
trial court erred by awarding child support of $1000 per month because that
amount was against the great weight and preponderance of the evidence.  He argues that this award lacks evidentiary
support and does not conform to the statutory guidelines regarding child
support.

Once
the trial court determines the amount of the child-support obligation, that
ruling will not be disturbed absent a clear abuse of discretion.  Rodriguez v. Rodriguez,
860 S.W.2d 414, 415 (Tex. 1993). 
A trial court abuses its discretion if it clearly fails to analyze or
apply the law correctly or if 
its decision is arbitrary and unreasonable.  Walker v. Packer, 827
S.W.2d 833, 849-850 (Tex. 1992).  
In this case, the trial court made no findings of fact, and Omodele requested none. 
Therefore, we assume the trial court found all facts to support the
judgment, and we will affirm the judgment if there is any legal theory
supported by the record to justify it.  Southwest
Livestock & Trucking Co. v. Dooley, 884 S.W.2d 805, 807-808 (Tex. App.CSan Antonio 1994, writ denied). 
When, as here, a reporter=s record is filed, those findings are not conclusive.  Roberson, 768 S.W.2d
at 281.

In
awarding child-support, the trial court is required to base the amount ordered
on the net resources of the parties and other applicable factors listed in the
Family Code.  See Tex. Fam. Code Ann. '' 154.121B.133 (Vernon 2002).  The Family Code sets forth guidelines for
child-support payments that are presumed to be reasonable and in the children=s
best interests.  Id. '
154.122.  These guidelines provide that
an obligor-parent=s child-support obligation is to be a percentage of his monthly
net resources, depending on the number of children he is to support.  Id. ' 154.125.  Here,
appellant has at least three children, and thus the guidelines state that his
monthly child support should equal thirty percent of his net resources.  Id. ' 154.125(b).








We
first review the record to determine if the evidence supports an implied
finding that Omodele has sufficient net resources to
justify a $1000 monthly support payment under the guidelines.  Omodele presented
no evidence regarding his financial resources. 
Adams testified that Omodele currently pays
her $400 a month in child support and owns a CPA/mortgage company and postal
business, but she otherwise presented no evidence establishing his net
resources.  See id. '
154.062 (setting forth elements that constitute net
resources).  In the absence of
such evidence, the court shall presume that the obligor earns the federal
minimum wage for a forty-hour week.  Id.
'
154.068.  Applying this presumption, the
trial court=s award of $1000 per month is considerably more than thirty
percent of Omodele=s net resources.

If
the trial court=s award varies from the child-support guidelines, the court is
required to make certain specific findings regarding the variance.  See id. '
154.130.  The
language of this statute is mandatory. 
By refusing to make the findings required by section 154.130, the trial
court prevented Omodele from effectively contesting
the court=s deviation from the child-support guidelines.  See Tenery
v. Tenery, 932 S.W.2d 29, 30
(Tex. 1996).  Adams asserts that Omodele has waived his complaint because he never requested
the required findings.  However, section
154.130 is clear: the trial court is required to make the findings set forth in
subsection (b) if a party either makes a timely written or oral request or
Athe
amount of the child support ordered by the court varies from the amount
computed by applying the percentage guidelines.@  Tex. Fam. Code Ann. ' 154.130(a).  Thus, no request was necessary to trigger the
trial court=s obligation.

In
conclusion, in the absence of 
evidence of Omodele=s
net resources, the statutory presumption found in section 154.068 applies.  Accordingly,  the trial court=s
award of $1000 per month in child-support payments varies from the statutory
guidelines.  Therefore, we find the trial
court abused its discretion by deviating from these guidelines without making
the findings required in section 154.130. 
Omodele=s second point of error is sustained.








                                                   IV.  Motion for
Continuance

In
Omodele=s third point of error, he contends the trial court exhibited
bias against him.  In addition to
restating his sufficiency-of-the-evidence claim, Omodele=s
argument focuses on the trial court=s denial of his motion for a continuance.  We therefore treat this point of error as a
challenge to the trial court=s denial of Omodele=s
motion for continuance.

A
ruling on a motion for continuance will only be reversed for a clear abuse of
discretion.  State v. Crank, 666
S.W.2d 91, 94 (Tex. 1984); Cedillo v.
Jefferson, 802 S.W.2d 866, 867 (Tex. App.CHouston [1st Dist.] 1991, writ denied).  In
determining whether there has been an abuse of discretion, an appellate court
views the evidence in the light most favorable to the trial court and indulges
every legal presumption in favor of the judgment.  Parks v. U.S. Home, 652 S.W.2d 479, 485
(Tex. App.CHouston [1st Dist.]
1983, writ dism=d).  In determining
whether the trial court has abused its discretion in denying a request for a
continuance in order to secure testimony, three nonexclusive factors are
instructive: (1) the length of time the case has been on file; (2) the
materiality of the testimony sought; and (3) whether due diligence was
exercised in obtaining the testimony.  See
Perrotta v. Farmers Ins. Exch., 47 S.W.3d 569,
576 (Tex. App.CHouston [1st Dist.]
2001, no pet.); Levinthal v. Kelsey-Seybold
Clinic, P.A., 902 S.W.2d 508, 510 (Tex. App.CHouston [1st Dist.]
1994, no writ).        








Omodele argues
that the continuance should have been granted because he suffered a death in
his family and needed to return to Nigeria. 
However, the record reflects that the death actually occurred several
weeks prior to trial and that Omodele was aware of
the scheduled trial date.  Given that Omodele chose to miss his court date, we find he did not
exercise due diligence in obtaining the testimony sought and, therefore, the
trial court was within its discretion in denying his motion for a continuance.[1]  We overrule Omodele=s
third point of error.

                                                                V.  Conclusion

We
sustain Omodele=s second point of error, and we reverse the portion of the
trial court=s judgment ordering Omodele to pay
$1000 per month in child support.  We
remand to the trial court to render child-support orders in compliance with the
statutory guidelines or issue findings explaining its variance.  The remainder of the trial court=s
judgment is affirmed.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed January 16, 2003.

Panel consists of Justices Yates,
Anderson, and Frost.

 











[1]  Adams
also contends the court properly denied the continuance because Omodele=s
affidavit lacked a specific date in the jurat.  An Aaffidavit@
is Aa statement in
writing of a fact or facts signed by the party making it, sworn to before an
officer authorized to administer oaths, and officially certified to by the
officer under his seal of office.@  Tex. Gov=t Code
Ann. ' 312.011(1) (Vernon 1998).  The statutory definition of Aaffidavit@
contains no requirement of a date.  Cf.
Cooper v. Scott Irrigation Constr., Inc., 838
S.W.2d 743, 745 (Tex. App.CEl Paso 1992, no
writ).  The lack of a specific date in the
jurat of an affidavit does not render the affidavit
invalid.  Id. (citing Order of
Aztecs v. Noble, 174 S.W. 623, 624 (Tex.
Civ. App.CAustin 1915, no writ)).